PER CURIAM.
The trial court’s “Order Granting Third Party Defendant’s Motion to Dismiss”, signed on June 27,1990, finds that “... the court file does contain ...” the letter that appellant’s counsel represented that he had sent to the trial court to remind the trial judge about setting the case for trial dur *319 ing the fall of 1989. Despite noting the presence of the said letter, dated September 12, 1989, the trial court’s order dismissing the cause specifically finds that the said letter does not “... qualify as a pleading that would represent file activity ...” which would serve to toll the running of the one-year time period provided for in Rule 1.420(e) of the Florida Rules of Civil Procedure.
Despite the fact that the trial court used the word “pleading” in its order, the law is clear that the time periods provided for in the above-cited rule will be tolled by the filing of any paper or document which reflects that the case is being moved forward and being prosecuted. Since the record herein reflects that the court found that the court file did contain the letter, the subsequent finding by the trial court that the said letter did not toll the running of the time period, provided for in the above-cited rule, was erroneous. The order does not contain any finding or language impugning or questioning the authenticity of the letter in question. As a result, the record does not reflect any reason for ignoring the letter when computing the time that transpired in relation to the above-cited rule.
Accordingly, the dismissal entered herein must be reversed with this case being remanded for further proceedings.
Reversed and remanded.