LEE, J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On January 26, 1994, Curtis Curry filed a complaint in the Circuit Court of Coahoma County against Johnnie E. Walls and Elizabeth C. Walls for fraud and embezzlement. Curry later amended the complaint on March 16, 1994, to include the claim of conversion. On July 3, 1996, Curry filed a motion for trial setting and, on December 2, 1996, filed a motion for a copy of the record. The court clerk filed a *763 motion to dismiss for failure to prosecute on November 3, 1997. The trial judge dismissed the case without prejudice on December 4,1997.
¶ 2. On February 7, 1998, Curry filed a petition for writ of mandamus or for an order to show cause with the supreme court, which was denied on March 30, 1998. The supreme court dismissed the petition for writ of mandamus on May 11, 2000. Curry filed a motion for reconsideration on March 12, 2002, and on December 27, 2002, a motion to amend the motion for reconsideration. The circuit court denied Curry’s motions on February 6, 2003. Curry now appeals to this Court asserting that the trial court abused its discretion in sustaining the clerk’s motion to dismiss the case for want of prosecution; and that the motion for reconsideration should have been granted because the initial order dismissing the case was void.
DISCUSSION OF ISSUES
¶ 3. According to the supreme court in Walker v. Parnell, 566 So.2d 1213, 1216 (Miss.1990), “[t]he power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court’s control of its own docket.” Furthermore, we will not disturb a trial court’s finding on appeal unless it is manifestly wrong. Id. Curry contends that his letter requesting a copy of the court file dated December 2, 1996, was sufficient to constitute an action of record. Curry also argues that the clerk misfiled his motion of December 1,1997, seeking an extension of time and, as a result, the judgment should be set aside. However, there is no record of the motion in the clerk’s papers. The only copy of the motion was attached by Curry to his petition for writ of mandamus, both of which were stamped as filed on February 7,1998.
¶ 4. Mississippi Rule of Civil Procedure 41(d) states in part the following:
.... In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.
¶ 5. The clerk’s motion to dismiss stated that Curry was given written notice of the filing and that he had thirty days to take action of record. The trial court’s order dismissing Curry’s case on December 4, 1997, stated that “no action of record has been taken during the preceding twelve months, nor any application made to the Court and good cause shown why this case should not be dismissed.”
¶ 6. Furthermore, the trial court stated, in its order dated February 6, 2003, that Curry ultimately wanted his case reconsidered and set for trial. However, the trial court found that Curry’s motion for reconsideration was void as untimely filed. According to Mississippi Rule of Civil Procedure 59(e) a motion for reconsideration is treated as a motion to amend judgment and must be filed within ten days from the entry of judgment sought to be amended. Curry’s case was dismissed in December 1997 and his motion for reconsideration was filed over four years later on March 12, 2002.
¶ 7. The trial court further stated that:
Even if the Motion for Reconsideration were timely filed, the case was properly dismissed for failure to prosecute. In *764 denying and dismissing the Petition for Writ of Mandamus, the Supreme Court of Mississippi found that this Court had the authority and discretion to control its own docket. Plaintiffs letter filed December 2, 1996 requesting a copy of the court file did not constitute an “action of record” within the meaning of Rule 41(d) of the Mississippi Rules of Civil Procedure and did not “hasten the suit to judgment.” See Wilson v. Freeland, 773 So.2d 305 (¶¶ 13, 14) (Miss. 2000).
The trial court also found that the motion should still be denied if it were considered a motion for relief from judgment under Mississippi Rule of Civil Procedure Rule 60, as none of the grounds for a Rule 60 motion were present. The grounds for relief include clerical mistakes; fraud, misrepresentation, or other misconduct of an adverse party; accident or mistake; newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); the judgment is void; the judgment has been satisfied, released, or discharged, or a pri- or judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or any other reason justifying relief from the judgment.
¶ 8. We cannot find that the trial court was manifestly wrong in dismissing Curry’s case for want of prosecution; thus, we affirm.
¶ 9. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.