# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00626-SCT

*CUCOS, INC.*

*v.*

*JERRY McDANIEL, AND SPOUSE LAURA McDANIEL*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/10/2005 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SIMPSON GRAY EDMONDSON |
| | FRANKLIN WILLIAMS |
| ATTORNEY FOR APPELLEES: | MARGARET P. ELLIS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/21/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This premises liability case is before us on appeal by Cucos, Inc., from an order of the Jackson County Circuit Court granting the motion of Jerry McDaniel and Laura McDaniel to reinstate this case, which was previously dismissed for want of prosecution. The Court will address the two overarching questions brought forth on appeal, considering first, whether sufficient action was taken to prevent dismissal pursuant to Miss. R. Civ. P. 41(d) and second, whether the trial court's grant of relief from dismissal was an abuse of discretion. Finding the actions taken by the plaintiffs and the trial court sufficient to prevent dismissal

and thus, no abuse of discretion by the court's relief from dismissal, we affirm the trial court's reinstatement of the case.

## PROCEDURAL HISTORY AND FACTS

¶2.    On May 18, 2000, Jerry McDaniel and his wife, Laura McDaniel, filed a complaint alleging injuries sustained during a slip and fall accident at Cucos, Inc on June 8, 1997. Cucos timely filed its answer on July 13, 2000. The last action recorded by the clerk was a civil subpoena attested to by a deputy clerk on July 6, 2001. Exhibits presented by both parties reflect active settlement negotiations from September 2001 through August 2002.

¶3.    After two years void of action in the case, the clerk entered a Motion to Dismiss for Want of Prosecution on October 16, 2002, and sent notice to each of the parties. On or about November 13, 2002, the McDaniels responded to the clerk with a letter, which was at the time a common and sufficient response in that circuit court district. The letter requested the case not be dismissed and asked for notification from the clerk if additional steps were necessary. The clerk failed to place the letter in the court file and never notified the judge of the letter or replied to the letter with notification of additional necessary steps. On November 22, 2002, unaware of the McDaniels' letter to the Clerk, the trial court entered an Order Dismissing Case for Want of Prosecution. The McDaniels sent a letter to Cucos on or about August 20, 2004, regarding settlement. The McDaniels were unaware of the dismissal, the clerk having failed to send notice of the Order and having placed the incorrect docket number on the Order, until Cucos responded on or about August 24, 2004, saying the case was dismissed.

2

¶4. On August 30, 2004, the McDaniels filed a Motion to Set Aside Dismissal asserting that the letter they sent should have been sufficient to prevent dismissal. The trial court held a hearing on December 9, 2004, and found (1) the McDaniels' letter to the Clerk requesting the case remain active was not in the court file at the time she signed the order of dismissal; (2) the McDaniels' letter was an acceptable method of preventing the Clerk's dismissal for want of prosecution; (3) a copy of the Order Dismissing Case for Want of Prosecution was not provided to the McDaniels; (4) the McDaniels provided the circuit court with specific denials and rebutted the presumption they received notice of the dismissal; and (5) the McDaniels were pursuing efforts to schedule conferences between Cucos and his treating physicians in order to facilitate settlement. Based on these findings, the court entered an Order Granting Plaintiff's Motion to Set Aside Dismissal on January 10, 2005, effectively reinstating the case. Cucos subsequently requested an interlocutory appeal, which we granted. *See* Miss. R. App. P. 5.

## DISCUSSION

### I. WHETHER SUFFICIENT ACTION WAS TAKEN TO PREVENT DISMISSAL PURSUANT TO Miss. R. Civ. P. 41(D)

¶5. Any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to "the orderly expedition of justice" and "the court's control of its own docket". ***Walker v. Parnell***, 566 So. 2d 1213, 1216 (Miss. 1990) (quoting ***Watson v. Lilliard***, 493 So. 2d 1277, 1278 (Miss. 1986)). It has been clear since the adoption of the Mississippi Rules of Civil Procedure that the granting of motions to dismiss is a matter within the discretion of the trial court. ***Roebuck v. City of***

3

*Aberdeen*, 671 So. 2d 49, 50 (Miss. 1996) (citing *Carter v. Clegg*, 557 So. 2d 1187, 1190 (Miss. 1990)). This Court will not disturb a trial court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion. *Watson*, 493 So. 2d at 1279.

¶6.    The first issue in dispute is over the satisfaction of Miss. R. Civ. P. 41(d)  which governs dismissals for want of prosecution. Rule 41(d) calls for the clerk to mail notice to attorneys of civil cases identified as having an inactive record for twelve or more months. Miss. R. Civ. P. 41(d). "[S]uch case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice." *Id.*

¶7.    One possibility for preventing dismissal under Rule 41(d) is that the plaintiff perform an "action of record." In 2000, this Court in *Wilson v. Freeland* acknowledged that "there are no Mississippi cases construing what constitutes an 'action of record.'" That statement holds true today as there still exist no cases defining what constitutes an "action of record." 773 So. 2d 305, 309 (Miss. 2000). Cucos relies on *Wilson* for the proposition that an action of record *must* "hasten the suit to judgment." This is incorrect. The Court simply arrived at the conclusion that the Order signed in that case was sufficient as an action of record, and the Court used as its foundational reasoning citations to the holdings of various jurisdictions from which the Court noted "[m]any of these cases focus on whether the action is 'hastening the suit to judgment.'" *Id.*

4

¶8. For several reasons, *Wilson* is weak precedent when used for defining or placing limits on what constitutes an action of record. In *Wilson* only five justices participated, and three votes constituted the majority. Also, this Court is not bound by decisions from other jurisdictions. *Griffith v. Gulf Refining Co.*, 215 Miss. 15, 61 So. 2d 306, 307 (1952). While the Court may regard such decisions as persuasive authority if well reasoned, the Court is at complete liberty to disregard them. *Id.* The Court may refuse to follow such decisions which are contrary to the public policy of the state. *Id.*

¶9. *Wilson* is only controlling in cases where the trial court decides to use the "hasten the suit to judgment" analysis in determining whether an action satisfies Rule 41(d). The sole significance of *Wilson* is the finding that an "action of record" encompasses actions that "hasten the suit to judgment." The decision does not hold, however, as Cucos argues, that an action of record *only* consists of actions that "hasten the suit to judgment," but, instead, those actions that "hasten the suit to judgment" are merely one category of actions now deemed sufficient. In providing its analysis, the Court did not create a new standard that in every situation where a claimant attempts to prevent dismissal in compliance with Rule 41(d) by performing an action of record that action must "hasten the suit to judgment." *See Wilson*, 773 So. 2d at 309. No such requirement exists, and the Court will not acknowledge *Wilson* as putting forth such a requirement for the purpose of resolving the issue at hand.

¶10. The Court of Appeals, whose propositions of law are only binding upon this Court if adopted by this Court, has twice decided whether particular action was sufficient to be deemed an action of record, but neither decision provides a clear standard or defines the

5

phrase. *See* ***Curry v. Walls***, 871 So. 2d 762 (Miss. Ct. App. 2004) (holding in reliance on ***Wilson v. Freeland*** that a letter requesting a copy of the record was not an action on the record for the purposes of preventing dismissal pursuant to Miss. R. Civ. P. 41(d)); ***Guidry v. Pine Hills Country Club***, 858 So. 2d 196 (Miss. Ct. App. 2003) (holding in reliance on ***Wilson v. Freeland*** that a motion to stay on the active docket was not an action on the record for the purposes of preventing dismissal pursuant to Miss. R. Civ. P. 41(d)). Cucos attempts to use the holdings in ***Curry*** and ***Guidry*** to strengthen the proposition it puts forth that ***Wilson*** requires an action of record to hasten the suit to judgment. Each of these decisions is faulty in its analysis, misstating what is simply a means of analysis in ***Wilson*** as a mandate. *See* ***Curry***, 871 So. 2d at 764; ***Guidry***, 858 So. 2d at 198-99.

¶11.     Cucos argues that the McDaniels' letter was insufficient to constitute an action of record under Rule 41(d) and uses the "hasten the suit to judgment" analysis from ***Wilson***, ***Curry***, and ***Guidry*** as the bases for this argument.  However, that analysis is not mandatory for trial courts. These findings merely provide analytical options for trial courts. As dismissal for want of prosecution is within the trial court's discretion, the trial court judge may find that the plaintiff has performed an action of record without that action being in accord with the "hasten the suit to judgment" analysis, and likewise, a trial court judge may, within his discretion, use those cases to support a decision to dismiss a case with similar facts, such as this one. Without an explicit definition or standard, what suffices as an action of record is left to the reasonable discretion of the trial court. Additionally, ***Curry*** and ***Guidry*** do not affect the trial court's decision in this case since in 2002 when the actions in question occurred,

6

neither case had been decided. So, even if deemed controlling law for the proposition Cucos states, neither case would have applied to the McDaniels' actions in 2002 as *Guidry* was decided in 2003 and *Curry* in 2004. Therefore, despite the factual similarity to this case, since these cases neither define nor purport to place limits on what constitutes an action of record, neither *Curry*, *Guidry*, nor *Wilson* require a trial court to use the same "hasten the suit to judgment" analysis used in those cases.

¶12.    Seeing that this Court is not bound by any previously promulgated definition or restraint on what constitutes an action of record, interpretation of general wording in rules or statutes, such as that in Rule 41(d), is often aided by looking to the function or the purpose of the rule. The only such purpose or function of Rule 41(d) noted by this Court to date has been as a "means necessary to the orderly expedition of justice and the court's control of its own docket." *Watson*, 493 So. 2d at 1278. When satisfaction of the rule is in dispute, these two functions can serve as guidance for the trial court. The trial court should consider whether the action taken by the plaintiff was in accordance with the orderly expedition of justice. Certainly, the court is afforded great discretion in the second function of Rule 41(d), which is to control its own docket. Thus, in a situation, such as the one before us, where the only standard this Court has set forth is that in determining the sufficiency of the plaintiff's action the trial court must do what is necessary for justice as well as what the trial court decides is appropriate in controlling its own docket, this Court will construe Rule 41(d) liberally.[1]

---

[1] This Court is applying a similar standard of review as it has numerous times with respect to a discovery violation. *See Allen v. Nat'l R.R. Passenger Corp.*, 934 So. 2d 1006, 1008-09 (Miss.

7

¶13. Moreover, though this Court fails to find a mandatory standard in *Wilson*, it recognizes the legitimacy of the method of analysis in that case, the use of other jurisdictions' jurisprudence as guidance when this Court has not definitively ruled on the issue. Decisions from other jurisdictions may have persuasive authority if well reasoned and promotive of justice. *Griffith*, 61 So. 2d at 307. One such decision is *Clark v. State Farm Mut. Auto. Ins. Co.* 785 So. 2d 779, 785 (La. 2001). In *Clark* the Louisiana Supreme Court held that its rule regarding want for prosecution actions should be liberally construed in favor of maintaining the plaintiff's suit.[2] *Id.* Accordingly, dismissal should be considered as a last resort, and any dispute about satisfaction of the rule that can be resolved in favor of the plaintiff should be

---

2006) (holding that in discovery matters trial courts have considerable discretion and should be reviewed with great deference); *Caracci v. Int'l Paper Co.*, 699 So. 2d 546, 556 Miss. 1997) (holding that there is a high threshold, "a definite and firm conviction of error," which must be surpassed before a trial court will be reversed); *Clark v. Miss. Power Co.,* 372 So. 2d 1077, 1080 (Miss. 1979) (holding that dismissal should only be used as a last resort). Discovery violations and stagnant cases are similar in at least two ways. From statutes related to each, the Court has indicated a policy favoring consideration on the merits as well as a policy protecting a trial court's ability to maintain control over procedural resolution when not dictated by statute or this Court . *See* Miss. R. Civ. P. 37; Miss. R. Civ. P. 41(d). *See also Clark*, 372 So. 2d at 1080 (holding that justice is favored over form and technicalities); *Allen*, 2006 LEXIS at *25 (holding that considerable discretion is afforded to trial courts in managing the pre-trial discovery process in their courts); *Watson v. Lilliard*, 493 So. 2d 1277, 1278 (Miss. 1986) (holding that the ability to dismiss for lack of prosecution is a means to assist in achieving the orderly expedition of justice and for trial courts to control their own dockets). Therefore, considerable discretion is afforded regarding involuntary dismissal for want of prosecution similarly to that afforded discovery violations.

[2]This Court does note that within the *Clark* decision the Court also holds that certain actions, such as matters outside the record and informal or ex parte actions, are insufficient steps for prosecutions due to the lack of notice to the defendant that steps are still being taken in prosecution for the case and that the time is no longer tolling towards the time requirement for dismissal for want of prosecution. *See* 785 So. 2d at 790-91. That issue is irrelevant to the points of law that this Court adopts from *Clark* since the letter in this case sent by the plaintiff was mistakenly not filed by the clerk and that practice was commonplace and well-known according to the trial court. Thus, the defendants should have at least expected that possibility and at best upon the proper filing of the letter would have become aware of the action by requesting and viewing the case file.

8

resolved in favor of the plaintiff. *See id.* at 787. We adopt this view regarding satisfaction of Miss. R. Civ. P. 41(d).

¶14.    Dismissal for want of prosecution is not a punitive concept as evidenced by the requirement of dismissal without prejudice.  Instead, it is a means of docket regulation. In considering which cases should be pruned from the docket pursuant to Rule 41(d), the trial court in using its discretion should employ a balancing concept.[3] *Clark,* 785 So. 2d at 787. There are typically two competing policy considerations. *Id.*  The Court must weigh the great social interest in provision of every litigant with his day in court and the attempt to not deprive the plaintiff of that opportunity for technical carelessness or unavoidable delay against the purpose of the Rule as found by the Court in *Walker* to be achievement of the orderly expedition of justice and control by the trial court of its own docket. 566 So. 2d at 1216. If the facts of this case were such that the trial court, in an effort to control its own docket, wanted to dismiss this case for want of prosecution and take or postpone the plaintiff's day in court, this Court would need to balance the two competing policy considerations. However, in this case the two policy considerations merge since the trial court's desired manner of controlling its own docket includes wanting to allow the plaintiff his day in court. When a plaintiff clearly abandons his case, the purpose of Rule 41(d) should be allowed to prevail, but in this situation where the plaintiffs sent a written request to the court that the case stay open, and the trial court held a hearing on the matter to determine if

---

[3]Dismissal for want of prosecution is referred to as abandonment in Louisiana. This is the one comparable statute in the Louisiana Code of Civil Procedure, and as in Mississippi, the result for want of prosecution  is a dismissal without prejudice. *Roberts v. New Orleans Symphony*, 883 So. 2d 452, 458  (La. Ct. App. 2004).

there was good cause, or, in other words, if reinstatement was just, and determined that it wanted to keep the case on its docket, the balance of policy interests favors allowing the McDaniels' case to proceed.

¶15.    The Louisiana Code, more specific in language than the comparable Mississippi Rule, requires more than an action of record, namely, a step in prosecution. La. Code Civ. Proc. art. 561(A)(1) (2006). The Louisiana Code also provides specific examples of sufficient acts, such as the inclusion of formal discovery, and notes that this act constitutes a step in prosecution regardless of whether filed. La. Code Civ. Proc. art. 561(B) (2006). Even with greater specificity and a more stringent requirement, the Louisiana rule has been construed as accepting a letter in accordance with local practice as sufficient to prevent dismissal. *See Ellzey v. Employers Mut. Liab. Ins. Co.*, 388 So. 2d 843, 845 (La. Ct. App. 1980) (affirming the trial court's reinstatement of a case after dismissal for want of prosecution when the plaintiff's letter was a step in prosecution under Art. 561 but the court was unaware of the letter because the clerk did not file it).

¶16.    The Florida rule governing involuntary dismissal for want of prosecution also specifies in greater detail than the Mississippi rule what actions will prevent dismissal. Fla. R. Civ. P. 1.420(e) (2006). Satisfactory actions include a "filing of pleading, order of court, or otherwise."*Id.* Yet, a Florida appeals court in *Koscot Interplanetary Inc. v. Zurich Ins. Co.* adopted a liberal construction of what constitutes an action of record. 580 So. 2d 318, 319 (Fla. Dist. Ct. App. 1991). The court rejected the trial court's finding that a letter reminding the judge about setting the case for trial did not constitute "a pleading that would

represent file activity." *Id.* (quoting the trial court's order). The court of appeals reversed the trial court's dismissal for want of prosecution. *Id.* Under the Mississippi Rule, which is more vague than both the Louisiana and Florida rules, and thus, open to a wider range of judicial discretion, we deem a letter acceptable as a local practice sufficient to prevent dismissal when there is no controlling authority to the contrary.

¶17. "That this Court will not disturb a trial court's finding on appeal unless it is manifestly wrong is a doctrine too well known to require citation." *Watson*, 493 So. 2d at 1279. This often cited standard of review clearly requires deference to the fact findings of the court, and the trial court found that McDaniel acted in such a manner to satisfy Rule 41(d). A letter in response to a Rule 41(d) motion for dismissal that simply requests that a case remain on the docket is an action of record when the letter is (1) timely sent within the thirty-day period which begins upon the filing of the motion, (2) found to be a sufficient action on the record and that finding is not in contradiction to an existing statute or decision of this Court, and (3) considered as part of a hearing where the trial court determined good cause existed for allowing the case to remain on its docket. While these facts need not be found by every trial court to constitute an action of record, they are sufficient for a court which within its discretion chooses to deem them as such.

¶18. Pursuant to the reasoning that this Court has adopted from other jurisdictions and the liberal construction of Rule 41(d) in accordance with the objectives of attaining justice and allowing the trial courts to control their own dockets, the McDaniels' letter in response to the clerk constituted an action of record such as would preclude a determination of dismissal

under Rule 41(d). Additionally, the letter coupled with the findings made by the trial judge at the hearing held by the trial court were sufficient to show that there was good cause as required under Rule 41(d). This Court finds that in matters relating to dismissals pursuant to Rule 41(d), the trial court has considerable discretion, and considering the totality of the trial court's findings, the McDaniels satisfied Rule 41(d).

## II. WHETHER THE TRIAL COURT'S GRANT OF RELIEF FROM DISMISSAL WAS AN ABUSE OF DISCRETION

¶19. An appellate court evaluates the granting of a Miss. R. Civ. P. 60 motion for abuse of discretion. *Montgomery v. Montgomery*, 759 So. 2d 1238, 1240 (Miss. 2000) (citing *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984)). The finding of the trial court will not be disturbed unless the judge was either manifestly wrong or clearly erroneous or erroneous in applying the legal standard. *See Perkins v. Perkins,* 787 So. 2d 1256, 1261 (Miss. 2001).

¶20. Three errors by the trial court clerk warranted relief from dismissal: (1) failing to file the McDaniels' letter sent in response to the motion to dismiss; (2) placing the incorrect docket number on the Order dismissing the case; and (3) failing to notify the McDaniels of the Order to Dismiss. There are two sections to Miss. R. Civ. P. 60 that allow relief from judgment. Cucos argues that any relief due to McDaniels should be granted only under section (a). The Court agrees, instead, with the trial court that Rule 60(b) is the more appropriate section.

¶21. Section (a) applies specifically to "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission." Miss. R. Civ. P 60(a). The purpose of Rule 60(a) is simply to correct insubstantial clerical errors. Miss. R. Civ. P. 60(a) cmt. Rule 60(a) only offers a correction of the record, which is inadequate relief. The failure by the clerk to place the McDaniels' letter in the record, where the trial court indicated it expected to see such a letter, resulted in a dismissal by the trial court which was unaware at the time of dismissal the that McDaniels had sent what the trial court deemed a sufficient response to prevent dismissal or at least justify holding a hearing in order to determine whether good cause existed. This erroneous result could not be overcome by a mere correction of the record. The trial court properly set aside the Order Dismissing Case for Want of Prosecution, which is a result unattainable under Rule 60(a).

¶22. Relief from more substantial errors requires the use of Rule 60(b), *Townsend v. Townsend*, 859 So. 2d 370, 375 (Miss. 2003), and, specifically, Rule 60(b)(6) applies in this case. After the enumerated grounds of subsections 1 through 5, Rule 60(b)(6) provides that the court may relieve a party from a final judgment or order for "any other reason justifying relief from judgment," and the motion "shall be made within a reasonable time." *M.A.S. v. Miss. Dep't of Human Servs.*, 842 So. 2d 527, 530 (Miss. 2003). A reasonable time is determined on a case-by-case basis, turning on the facts in each individual case. *Id.* Initially unaware of the dismissal due to the clerk's failure to comply with Miss. R. Civ. P. 77(d), which requires immediate notice of a judgment sent by the clerk to the parties, the McDaniels

13

acted quickly, filing a motion to obtain relief from the dismissal within six days upon learning of the judgment.[4]

¶23. Additionally, two of the factors considered regarding whether a party acted in a reasonable time to justify relief are whether the party opposing the motion has suffered prejudice from the delay and whether the movant can show good cause for failure to act sooner. *M.A.S.*, 842 So. 2d at 530. Upon a hearing on the McDaniels' motion to set aside the dismissal, the trial court mentioned no finding of prejudice, and this Court has been presented with no argument regarding an improperly considered or ignored claim of prejudice. Also, the movants, according to the findings of the trial judge from the hearing and in the opinion of this Court, showed good cause in that they did not receive notice of the Order to dismiss and were unable to reasonably find the dismissal themselves because it was labeled with the incorrect docket number. Therefore, this Court finds that the McDaniels moved for relief within a reasonable time pursuant to Rule 60(b).

¶24. Further, Cucos argues that the facts of this case are insufficient to constitute the exceptional or extreme circumstances required to gain relief under Rule 60(b)(6). Correctly, Cucos states that Rule 60(b)(6) is for use only in extraordinary and compelling circumstances. *M.A.S.*, 842 So. 2d at 530. However, this Court recently decided in a similar case that the trial court acted well within its discretion when it granted a motion to vacate and subsequently allowed post trial motions to be considered on the merits that were filed fifteen

---

[4]The McDaniels filed a Motion to Set Aside Dismissal on August 30, 2004 after receiving a letter from Cucos dated August 24, 2004, informing the McDaniels that the case was dismissed.

14

days after the final judgment as opposed to the ten day requirement in the rules.[5] ***Hartford***

***Underwriters Ins. Co. v. Williams,*** No. 2004-CA-01249-SCT, 2006 Miss. LEXIS 200, at

\*15-16 (Miss. Apr. 20, 2006). The Court upheld the granting of the motion to vacate under

Rule 60(b)(6), finding exceptional circumstances where the clerk failed to give notice of the

judgment as required "immediately upon the entry" by Miss. R. Civ. P. 77(d) and answered

incorrectly the movant's inquiries about the status of the case. ***Id.***

¶25.    The case sub judice is significantly akin to ***Hartford*** in at least three ways. The clerk

similarly failed to comply with Rule 77(d) in not notifying the McDaniels of the judgment

and inhibiting his ability to respond to the dismissal more quickly. Also, incorrect

information was provided by the clerk regarding the status of the case since the judgment was

labeled with the incorrect docket number. Finally, as Hartford filed a motion for relief on the

day of learning of the judgement, McDaniel, too, filed for relief quickly, filing within six

days. In ***Hartford*** this Court held that "Rule 60(b) provides a trial judge with the

discretionary capacity to right the unforeseeable wrong without having to undermine

important procedural mandates."***Id.*** \*13.  The numerous errors made by the clerk constitute

exceptional circumstances that justify relief for the McDaniels under Rule 60(b)(6), and the

trial court was within its discretion when it granted the McDaniels' motion pursuant to Rule

60(b)(6) to set aside the dismissal for want of prosecution. Therefore, this Court will, as we

did in ***Hartford***, uphold the judgment of the trial court.

---

[5] *See* Miss. R. Civ. P. 50; Miss. R. Civ. P. 59.

¶26. Cucos contends that the trial court made erroneous statements used as a bases for its decision to grant relief under Rule 60(b), and consequently, the decision cannot be upheld. The Court dismisses this argument as irrelevant. The result was legally justifiable, and "a trial court judgment may be affirmed on grounds other than those relied upon by the trial court judgment." *Askew v. Askew*, 699 So. 2d 515, 519 (Miss 1997) (citing *Kirksey v. Dye*, 564 So. 2d 1333, 1336 (Miss. 1990)); *Stewart v. Walls*, 534 So. 2d 1033, 1035 (Miss. 1988)). "It is well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on appeal." *Accredited Sur. & Cas. Co.*, 535 So. 2d at 60 (affirming a trial court grant of relief under Rule 60(b)(6) despite the incorrect identification by the movant of the subsection for which relief was available and no identification of the appropriate prong of Rule 60(b) by the trial court).

¶27. Within the trial court decision, Cucos also refutes the relevancy of the clerk's failure to notify the McDaniels of the Order dismissing the case. The Court agrees in part and disagrees in part. Regarding Rule 41(d), the point in time which triggers the plaintiff's rights in preventing dismissal is when the clerk files the motion to dismiss at which time the plaintiff has thirty days in which to respond to prevent dismissal of the case. Thus, the important event for Rule 41(d) is the filing of the motion to dismiss and providing notification of the motion, rather than notice of the Order to dismiss. While this Court agrees that the Order to dismiss is irrelevant for the purposes of applying Rule 41(d), it finds the failure to send notice of the Order critically relevant for the application of Rule 60(b). Failure

16

by the clerk to send notice of the Order to dismiss was one of several factors that justified the granting of relief under Rule 60(b)(6).

¶28.   Cucos argues that the McDaniels do not qualify for relief under Rule 60(b) because they failed to exhaust procedural remedies available under Miss. R. Civ. P. 41(d). Indeed, Rule 60(b) is not an escape hatch for litigants who failed to use available procedural remedies. ***Briney v. United States Fid. & Guar. Co.,*** 714 So. 2d. 962, 967 (Miss. 1998). However, the Court addresses the issue of Rule 41(d) compliance above and finds that the McDaniels properly pursued the procedural remedies available under Rule 41(d).

**CONCLUSION**

¶29.   Lacking clear or specific guidance on the issue, the trial court ruling did not contradict existing law and moreover, directly complied with the objectives of Rule 41(d) as previously stated by this Court. Considering the totality of the trial court's findings, the trial court did not abuse its discretion in considering the McDaniels' letter in response to the Clerk's Motion to Dismiss for Want of Prosecution and the hearing it held on the issue as sufficient to prevent dismissal for want of prosecution pursuant to Miss. R. Civ. P. 41(d). Additionally, considering the clerk's failure to record or file the McDaniels' letter, correctly identify the Order to dismiss, or provide notice to the McDaniels that the Order to dismiss was entered, the circumstances warrant relief pursuant to Miss. R. Civ. P. 60(b)(6). The trial court did not abuse its discretion in granting relief from the dismissal for want of prosecution that was granted without full knowledge of the trial court due to significant errors by the court clerk.

17

For these reasons, we affirm the judgment of the Jackson County Circuit Court and remand this case to that court for further proceedings consistent with this opinion..

¶30.    **AFFIRMED AND REMANDED.**

**WALLER AND COBB, P.JJ., DIAZ, EASLEY CARLSON AND GRAVES, JJ., CONCUR.  DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, J.**

**DICKINSON, JUSTICE, DISSENTING:**

¶31.    After filing this lawsuit, the plaintiffs did nothing for over two years.[6]  Then, unbelievably, after the Clerk filed a motion to dismiss the case for want of prosecution,[7] and after the Circuit Judge dismissed the case, the plaintiffs still took no action of record for another two years.[8]  Instead, the plaintiffs sent a letter to the Clerk simply asking that the case not be dismissed.  Because I believe the plaintiffs failed to respond to the Clerk's motion to dismiss as required by M.R.C.P. 41(d), and because I believe the majority sets a dangerous precedent by approving the plaintiffs' substituted compliance with an unapproved local "custom," I respectfully dissent.

---

[6] The majority aptly characterizes this period of time as "two years void of action."

[7] The plaintiffs freely admit receiving a copy of the Clerk's motion to dismiss.  When the McDaniels received notice of the Clerk's Motion to Dismiss for Want of Prosecution in October 2002, he neither filed a motion seeking extension of discovery nor sought to have the case set for trial.  In fact, they took no action of record whatsoever.

[8] This total of four years with absolutely no action filed of record by the plaintiffs exceeds the applicable statute of limitations for filing the action in the first instance.

18

¶32. The issues in this matter are governed by Rule 41(d) of the Mississippi Rules of Civil Procedure. The Rule's requirements are stated in plain, unambiguous language. The McDaniels had thirty days following the Clerk's motion to either (1) take an "action of record," or (2) make written application to the court showing "good cause" why his lawsuit should be allowed to continue. No amount of legalese legerdemain will convert the plaintiffs' actions into compliance with either of these requirements.

*The plaintiff took no action of record.*

¶33. The majority expends much energy dancing around the language of ***Wilson v. Freeland***, 773 So. 2d 305 (Miss. 2000), a case decided by this Court only six years ago. After christening ***Wilson*** "weak precedent," the majority proceeds to ignore it as if it were no precedent at all. I am not so much concerned with the majority's desire to retreat from this Court's requirement that the plaintiff file an action of record that "hastens the suit to judgment." To be sure, I didn't like that requirement when it was imposed in ***Wilson***, and I still don't like it. What troubles me here is the majority's willingness to accept as an "action of record" a letter the plaintiffs sent to the Clerk which (1) does nothing more than, in essence, say "don't dismiss our case," and (2) does not even request that it be filed of record. If this letter – which was not filed of record and which no one requested to be filed of record – complies with the "action of record" portion of Rule 41(d), then why not a phone call or a passing conversation in the supermarket?

¶34. In ***Wilson***, this Court held that the action taken in the case, a motion to compel discovery, constituted an "action of record" specifically because such action "invariably

'hastens a suit to judgment,' as discovery is an integral part of the litigation process which must be completed before an action may proceed to trial. Consequently, [the chancellor] erred in dismissing the case as stale." *Id.* at 309. The majority, after devaluing the *Wilson* Court for citing cases from foreign jurisdictions, promptly turns to cases from Louisiana and Florida, as well as the Louisiana Code, to bolster its conclusion that an action of record need not "hasten the suit to judgment." Acknowledging that the McDaniels' letter did nothing to move the litigation process along, the majority nonetheless finds the letter a sufficient "action of record." It seems to me in the wake of four years of inactivity, the letter cannot fairly be considered in compliance with Rule 41(d).

¶35. In her order, the Circuit Judge attempted to distinguish the Court of Appeals' reasoning in *Curry v. Walls*, 871 So. 2d 762, 764 (Miss. Ct. App. 2004), by stating that, prior to the *Curry* decision, the practice and procedure in the Nineteenth Circuit Court District allowed a plaintiff to overcome the Clerk's motion to dismiss with a letter similar to the McDaniels' letter. However, the Circuit Judge's Order neither distinguished *Wilson* (which clearly required the McDaniels to take some action that would "hasten the suit to judgment"), nor provided any authority for preempting a rule of civil procedure with an unapproved local rule.

*The plaintiffs did not file a written application showing "good cause."*

¶36. The McDaniels' letter made no attempt whatsoever to offer good cause as to why his case should remain on the active docket. In fact, the letter was completely silent on the issue of cause. They provided no explanation for why they had allowed more than two years to

20

elapse without prosecuting their case. The letter merely stated, "[p]lease accept this letter as our notice that the above entitled matter should not be dismissed pursuant to the Clerk's motion to dismiss." The McDaniels then let another two years pass without prosecuting their case. In my view, as a matter of law, this letter did not meet the requirements of Rule 41(d) to prevent dismissal of the McDaniels' lawsuit.

*Prior practice of the district*

¶37. Additionally, the circuit court erred by relying on a prior practice of the district to justify the McDaniels' failure to comply with the clear requirements of Rule 41(d). Local rules, practices, or procedures that have not been approved by this Court are ineffective and an inappropriate basis for claiming exemption from the mandates of the Mississippi Rules of Civil Procedure. *Koerner v. Crittenden*, 635 So. 2d 833, 835 (Miss. 1994); *Watts v. Pennington*, 598 So. 2d 1308, 1313 (Miss. 1992). The majority completely ignores our precedent on this issue.

¶38. The majority declares its desire to "not deprive the plaintiff of [his day in court] for technical carelessness or unavoidable delay," and while I agree with the majority's sentiment, I do not find that statement relevant to this case. The McDaniels' neglect of their case for more than four years was not caused by technical carelessness or unavoidable delay. They chose their course of action, or rather inaction. Accordingly, I would find the circuit court erred in granting the McDaniels' Motion to Set Aside Dismissal.

21

*Failure to receive the Order Dismissing Case for Want of Prosecution*

¶39.    In her order, the Circuit Judge found that the McDaniels did not receive the order of dismissal.  The Circuit Judge then stated, "[a]s a result, the Court finds that Plaintiffs were not given the opportunity to provide the Court with good cause why the case should remain on the docket."  I believe this finding is manifestly in error.  As the majority acknowledges, whether the McDaniels received the order had nothing whatsoever to do with their opportunity to show good cause why the case should not be dismissed.  The relevant question is whether the McDaniels received the motion to dismiss, which they did.  Having received the motion, they had thirty days to take an action of record or provide the Circuit Judge with good cause, and they did neither.

¶40.    Stated another way, even if the McDaniels had received the order of dismissal, it would have had no bearing on the disposition of the Clerk's motion to dismiss, because by the time the order was entered, the McDaniels were already in violation of the rule.  They failed to take an "action of record" and failed to provide, in writing, good cause as to why their case should not be dismissed.  The entry of the order of dismissal was completely unrelated to the McDaniels' failure to comply with Rule 41(d).

¶41.    The Circuit Judge relied on ***Pre-Paid Legal Services, Inc. v. Anderson***, 873 So. 2d 1008 (Miss. 2004), in holding that because the McDaniels were not sent notice of the order of dismissal, they were denied the opportunity to provide the court with good cause as to why the case should remain on the docket.  In ***Anderson***, the defendants were not sent notice of the entry of judgment and, as a result, the defendants failed to timely file their notice of

22

appeal. *Id.* at 1009. Because the defendants rebutted the presumption that they had received the notice, this Court remanded the case to allow the defendants to file their appeal. *Id.* at 1010. The Circuit Court's reliance on *Anderson* is misplaced.

¶42. While it is true that both the McDaniels and the defendants in *Anderson* failed to receive notice of entry of the court's judgment, that is where the similarity ends. The issue here is not whether failure to receive notice of the judgment deprived a defendant of his right to appeal, as was the case in *Anderson*. The issue here is whether failure to receive notice of entry of the dismissal deprived the McDaniels of their right to comply with the requirements of Rule 41(d). As stated earlier, by the time the trial court entered the order of dismissal, the McDaniels should have already fully complied with the requirements of Rule 41(d) and, in fact, their time to do so had expired. Thus, they cannot blame their failure to comply with the rule on their failure to receive the order.

¶43. Notice of the entry of judgment alerts the opposing party of the need to take action within a prescribed time period *following* the entry. *Anderson*, 873 So. 2d at 1010. Notice of an order of dismissal for want of prosecution does not serve a similar purpose. Rather, notice of the Clerk's Motion to Dismiss for Want of Prosecution is the comparable action, because that notice starts the clock for the opposing party to respond as to why the case should remain on the active docket. The McDaniels received this notice, so the clock began to run. A dismissal is entered when a party fails to timely respond or to take sufficient "action of record," neither of which the McDaniels did in this case. The McDaniels' failure to receive notice of the order of dismissal does not erase or excuse their failure to

23

appropriately respond to the notice of the Clerk's Motion to Dismiss, which they did receive. Accordingly, the circuit court erred in finding that the McDaniels' failure to receive the order of dismissal denied them the opportunity to show good cause. The McDaniels failed to satisfy the requirements of Rule 41(d), so the circuit court erred in setting aside the final judgment pursuant to Rule 60(b).

*Relief under Rule 60(b)*

¶44. The majority finds that this case involves "extraordinary and compelling circumstances" such that relief under Rule 60(b), as opposed to 60(a), is warranted. I cannot agree. Section (a) specifically deals with "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission." This is exactly the category of errors we are faced with in this case.

¶45. The majority relies on *Hartford Underwriters Insurance Co. v. Williams*, No. 2004-CA-01249-SCT, 2006 Miss. LEXIS 200, at *8-9 (Miss. Apr. 20, 2006), a case where post-trial motions were filed late. *Hartford* involved a five-day delay, whereas in this case the plaintiffs failed to prosecute their case for four years. Additionally, in *Hartford*, the Court based its ruling in part on the inaccurate information received by the movant upon inquiry into the status of its case. *Id.* at *15-16. Here, we have no indication that the McDaniels ever asked the Court about the status of their case in the two years after they sent a letter to the Clerk. We have no reason to think that the McDaniels ever made, or even intended to make, such an inquiry. Regardless of its assertion to the contrary, the majority is allowing the McDaniels to use Rule 60(b) as an "escape hatch" for their failure to prosecute their case.

24

¶46.    In my view, the circuit court had no basis for granting Rule 60(b) relief to the McDaniels from the Order Dismissing Case for Want of Prosecution.  For this reason, and the other reasons stated herein, I would reverse the circuit court's granting of the McDaniels' Motion to Set Aside Dismissal for Want of Prosecution, and render judgment dismissing this case.

**RANDOLPH, J., JOINS THIS OPINION.**