GRAVES, Presiding Justice,
concurring in part and dissenting in part:
¶ 23. I disagree with the majority’s holding that the trial judge abused his discretion by granting the Motion to Dismiss for Failure to Prosecute. However, I do agree with the majority that the trial judge did not abuse his discretion in denying the plaintiffs motion to amend his complaint. Therefore, I respectfully dissent in part and concur in part.
¶ 24. In reviewing a trial judge’s ruling on a dismissal for want óf prosecution, this Court will not overturn that ruling unless it finds that the trial, court abused its discretion. Hill v. Ramsey, 3 So.3d 120, 122 (Miss.2009) (quoting Cucos, Inc. v. McDaniel, 938 So.2d 238, 240 (Miss.2006)). In addition, this Court will affirm the trial judge’s finding of fact unless the findings are manifestly wrong. Watson v. Lillard, 493 So.2d 1277, 1279 (Miss.1986).
¶ 25. The facts of this case reveal that the plaintiff, Charles Barry, failed to aggressively pursue his action against the defendant, John R. Reeves. On August 17, 2001, Barry filed his complaint against Reeves for legal malpractice. Reeves then promptly filed his Answers and Defenses on October 1, 2001. However, Barry failed to adequately answer Reeves’ First Set of Interrogatories, which prompted Reeves to file his Motion to Compel Discovery on March 4, 2002.[3] Nothing further appears in the record until March 14, 2003, when Reeves filed his Motion for Emergency Stay of Proceedings based on his insurance carrier’s receivership status.
¶ 26. In addition, once the Stay was lifted on December 1, 2004, Barry took no action for nearly ten months before filing his Motion for Trial Setting and Related Relief on September 30, 2005. A hearing was held on this motion in November 2005, and the trial judge took the matter under advisement. With the exception of three letters in which Barry sought the aid of counsel opposite in selecting a trial date, Barry failed to take action for almost two years until filing his Motion for Status Conference on March 11, 2008. Here, Barry apparently attempted to comply with Mississippi Rule of Appellate Proce *697 dure 15(a) by mailing a letter, dated April 24, 2008, to the trial judge with a copy of a proposed order, requesting the trial judge to rule on all pending motions. However, Reeves previously had filed his Motion to Dismiss for Failure to Prosecute on April 10, 2007. Barry failed to respond to Reeves’ motion for almost a year.[4]
¶ 27. On February 13, 2009, the trial judge entered an order dismissing Barry’s claim with prejudice, finding that “[Barry] had every opportunity to conduct and complete discovery from August 1[7], 2001, the date the complaint was filed, through June 10, 2003, the date this matter was Stayed. A review of the file reveals that [Barry] did not take advantage of that opportunity.” The trial judge also found that from the time the Stay was lifted on December 1, 2004, through April 10, 2007, the date Reeves filed his Motion to Dismiss, Barry did not prosecute the matter.
¶ 28. It is clear from the record that there was no abuse of discretion in this case. It is neither the defendant’s nor the trial judge’s nor the court’s duty to ensure that the plaintiff prosecutes his claim. It is the plaintiffs. Here, Barry’s failure, not once, but twice, to take affirmative steps in pursuing his cause of action against Reeves substantially delayed the proceedings. Because these periods of inactivity were the product of Barry’s dilatory conduct, the trial judge did not abuse his discretion in dismissing Barry’s action for lack of prosecution.
¶ 29. Pursuant to the Mississippi Uniform Circuit and County Court Rules “[a]ll discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension.” URCCC 4.04. This ninety-day period ended at the end of December 2002. Although the parties continued correspondence concerning discovery for another year, nothing prevented Barry from taking some action in moving the case forward. Yet, he failed to do so.
¶ 30. Furthermore, although Barry attempted to consult with counsel opposite regarding a trial setting, Barry failed to seek a ruling on the matter from the trial court. According to the record, Barry had seventeen months[5] in which to get a trial date set with the court. Yet, he failed to do so and as a result, the trial court, on motion of the defendant, appropriately exercised its discretion in dismissing the action.
¶ 31. Accordingly, I must dissent in part and would affirm the trial judge’s ruling in granting the defendant’s Motion to Dismiss for Failure to Prosecute; and concur in part, affirming the trial judge’s ruling in denying the plaintiffs Motion for Leave to File Amended Complaint.
DICKINSON AND CHANDLER, JJ., JOIN THIS OPINION.

. On January 30, 2002, in response to counsel opposite, counsel for Barry stated that he would determine if supplementation was appropriate. At the time Reeves filed his Motion to Compel Discovery, Barry still had not complied with the request to supplement discovery.

. Barry filed his response to Motion to Dismiss for Lack of Prosecution on April 7, 2008.

. This time period is from November 2005, when Barry’s Motion for Trial Setting and Related Relief was heard, through April 10, 2007, the date on which Reeves' Motion to Dismiss for Lack of Prosecution was filed.