LAMAR, Justice,
Concurring in Part and Dissenting in Part:
¶ 27. Almost three years after the chancellor conducted a hearing and entered an order authorizing settlement of claims on behalf of a minor child, the Guardians filed a petition to set aside the settlement. Why? Because they discovered that Carpenter had $1,000,000 in insurance coverage.
¶ 28. In support of their petition to set aside the settlement, the Guardians failed to present any evidence relevant to Carpenter’s liability or the value of their case against Carpenter. The amount of Carpenter’s insurance policy is irrelevant to the degree of any alleged negligence by Carpenter and has little or no connection to determining whether a settlement on behalf of this minor is fair and reasonable or in his best interest.
¶29. In providing a cursory examination of Rule 60(b), a plurality of this Court ignores the express requirement that a movant must file a Rule 60(b)(5) or (b)(6) motion within a reasonable time.[6] This Court has ruled that a “reasonable time is determined on a case-by-case basis, turning on the facts in each individual case.”[7] In determining reasonableness, the court should consider “whether the party opposing the motion has suffered prejudice from the delay and whether the movant can show good cause for failure to act sooner.” [8] We also have ruled that when considering a Rule 60(b) motion, the court must balance the equities and consider the merits of the motion versus the need to achieve finality [9]
¶ 30. The Guardians have failed to show good cause (or for that matter any cause) to excuse their delay, but have instead blamed their former counsel. This Court has clearly said that “neither ignorance nor carelessness on the part of an attorney will provide grounds for rehef ’ under Rule 60(b).[10]
¶ 31. Furthermore, Carpenter fully performed her obligation under the settlement agreement, having paid the $25,000 settlement in 2005. Undoubtedly, she will be prejudiced if the settlement is set aside. A Rule 60(b) motion should not be granted when it is merely an attempt to relitigate a case which is final in all respects.[11] I would find that the chancellor abused his *1166 discretion in granting the Rule 60(b) motion.
WALLER, C.J., CARLSON, P.J., AND DICKINSON, J., JOIN THIS OPINION.

. Miss. R. Civ. P. 60(b).

. Cucos, Inc. v. McDaniel, 938 So.2d 238, 245 (Miss.2006).

. Id. at 246.

. Lose v. Illinois Cent. Gulf R.R. Co., 584 So.2d 1284, 1286 (Miss.1991) (emphasis added) (citing Briney v. U.S.'Fid. & Guar. Co., 714 So.2d 962, 968 (Miss. 1998)).

. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984).

. Id.