IRVING, P.J.,
dissenting:
¶ 26. The majority finds that the Mississippi Supreme Court’s decision in Barry does not require reversal of the Tunica County Circuit Court’s dismissal of Avent’s complaint against Entergy for failure to prosecute. I disagree; therefore, I dissent. I would reverse the circuit court’s judgment of dismissal and remand this case for a trial.
¶ 27. In Barry, our supreme court addressed the propriety of dismissing a plaintiffs case for lack of prosecution, stating:
The courts of this state have the inherent power to dismiss a case for want of prosecution, and a trial court may dismiss a case on that basis for the sake of expediting justice and controlling its own docket. Hill v. Ramsey, 3 So.3d 120, 122 [ (¶ 6) ] (Miss.2009) ([ci]ting Cucos, Inc. v. McDaniel, 938 So.2d 238, 240 [ (¶ 5) ] (Miss.2006)). However, given the severity and finality of this sanction, which strips a litigant of his opportunity to pursue his cause of action, dismissal for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(b) is “reserved for the most egregious cases.” Hillman v. Weatherly, 14 So.3d 721, 726 [ (¶ 17) ] (Miss.2009) (quoting Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990)). A ruling dismissing the case with prejudice on this basis “will be affirmed only if there is a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interest of justice.” Id. (citing Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 [ (¶ 13) ] (Miss.1998)).... “Cases ⅛ which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.’ ” Am. Tel. & Tel. Co., 720 So.2d at 181 [ (¶ 13) ] (quoting Rogers [u Kroger Co.], 669 F.2d [317,] 320 [ (5th Cir.1982) ]).
When examining a trial court’s dismissal of a case for want of prosecution, [an appellate court] will affirm the trial court’s findings of fact, unless the findings are manifestly wrong. Watson v. Lillard, 493 So.2d 1277, 1279 (Miss. 1986). “[An appellate court] will not disturb a trial court’s ruling on a dismissal for want of prosecution unless it finds an abuse of discretion.” Hill, 3 So.3d at 122 [ (¶ 6) ] ([quo]ting McDaniel, 938 So.2d at 240 [ (¶ 5) ] (citations omitted)).
Barry, 47 So.3d at 692-93 (¶¶ 8-9) (footnote omitted) (emphasis added).
¶ 28. I believe the facts in Barry are very analogous to the facts here. Therefore, I set forth the salient dates in both Barry and our case, beginning with Barry.
August 17, 2001: Charles Barry filed suit against John Reeves for alleged legal malpractice.
August 17, 2001-April 30, 2002: The parties engaged in discovery.
January 2003: Reeves’s insurer went into receivership in Tennessee, and a Tennessee chancery court issued an order enjoining litigation against the insurer.
February 20, 2003: The Hinds County Chancery Court accorded full faith and credit and comity to the Tennessee order.
March 14, 2003: Reeves filed a motion to stay the legal-malpractice proceed *1207 ings against him until the conclusion of the receivership action.
June 10, 2003: The trial court granted Reeves’s motion.
August 31, 2004: Barry filed two motions: one seeking to lift the stay and the other requesting permission to amend his complaint.
November 30, 2004: The trial court heard argument on the motion to lift the stay.
December 1, 2004: The trial court granted the motion to lift the stay and restored the case to the active docket. The court also, denied the motion to amend the complaint.
September 30, 2005: Barry filed a motion to reopen discovery and set the case for trial.
November 2005: The trial court heard the motion to reopen discovery and for a trial setting but did not rule on it.
April 5, 2007: Barry sent a letter to the trial court, with a copy to opposing counsel, requesting a status conference.
April 10, 2007: In response to Barry’s letter, Reeves filed a motion to dismiss.
March 11, 2008: Barry filed a motion for a status conference.
February 2009: The trial court granted Reeves’s motion to dismiss.
Barry, 47 So.3d at 691-92 (¶¶ 3-6).
¶ 29. In the order dismissing Barry’s lawsuit, the circuit court explicitly found that Barry had failed to prosecute his case from 2004 to 2007. Id. at 693 (¶ 10). The trial court’s order of dismissal also stated:
The plaintiff had every opportunity to conduct and complete discovery from August [17], 2002, the date the complaint was filed, through June 10, 2003, the date this matter was stayed. A review of the file reveals that [the] plaintiff did not take advantage of that opportunity. Since the [s]tay was lifted on December 1, 2004[,] up to the filing of the herein motion to dismiss on April 10, 2007, this matter was not prosecuted. It has been over twelve years since the incident herein occurred. The facts and circumstances surrounding the prosecution of this matter require that the herein matter be dismissed.
Id. (footnote omitted).
¶ 30. In reversing the circuit court’s judgment, our supreme court noted that “the record reveals that both parties actively participated in the discovery process by requesting, producing, and supplementing discovery until at least April 30, 2002.” Id. at 693 (¶ 11). As to the period between 2004 and 2007, the supreme court noted that Barry had filed motions for settings and hearings and sent letters to opposing counsel during those years. Id. After the passage of ten months, Barry filed a motion to reopen discovery and for a trial setting. Id. at 691-92 (¶¶ 3-6). The circuit court heard argument on this motion within two months of it being filed; however, the court did not rule on it. Id. Seventeen months later, Barry sent a letter to the circuit court requesting a status conference. Id. During the twenty-seven months prior to Reeves filing his motion to dismiss, Barry filed a motion to reopen discovery, sent letters to opposing counsel seeking trial dates, and sent a letter to the circuit court requesting a status conference. Id.
¶ 31. Here, the record shows that Avent designated experts, responded to discovery, set a date for mediation, and exchanged correspondence with Entergy’s counsel from 2005 to 2010, before the circuit court granted Entergy’s motion to dismiss. It is true that little to nothing happened in this case between 1999 and 2005; however, Entergy chose not to file a motion to dismiss until mid-2006, at which *1208 time Avent had been actively prosecuting his case for almost a year and a half. Also, as in Barry, following the filing of the complaint, the parties engaged in significant discovery. From the date of the filing of the complaint in late 1996, Avent vigorously prosecuted the case until late 1998. Further, beginning in early 2006, both Avent and Entergy resumed participation in discovery, and again Avent vigorously prosecuted his case. The relevant time line is as follows:
February 2005: Avent filed his designation of experts.
January 11, 2006: Avent filed a supplemental response to Entergy’s interrogatories and designated Yerby L. Hughes Jr. as an additional expert.
March 29, 2006: Avent mailed a letter to Entergy, investigating whether the case could be disposed of through mediation.
April 10, 2006: Entergy responded, by - mail, to Avent’s March letter regarding mediation.
April 12, 2006: Avent set mediation for May 30, 2006.
April 12, 2006: Entergy confirmed mediation dates, but it questioned the . value of mediation due to the length of time that the case had been dormant.
April 18, 2006: Entergy filed a notice of service of its third set of interrogatories.
April 25, 2006: Entergy sent a letter to Avent cancelling mediation, requesting a new deposition, and expressing concern about the likelihood of finding crucial witnesses, given the age of the case.
May 9, 2006: Avent sent Entergy a letter with potential deposition dates.
June 6, 2006: Entergy filed its motion to dismiss based on want of prosecution; at the same time, Entergy filed an affidavit explaining its inability to locate witnesses.
February 9, 2009: Avent filed a motion for a pretrial conference.
February 10, 2009: Entergy filed a response to Avent’s motion for a pretrial conference.
May 26, 2009: Entergy filed a supplemental motion to dismiss.
September 23, 2009: Avent sent Enter-gy a proposed pretrial statement.
February 18, 2010: Entergy filed a notice of hearing on its motion to dismiss.
March 15, 2010: Entergy filed a supplement to its motion to dismiss, detailing its inability to locate certain witnesses.
April 30, 2010: The circuit court dismissed Entergy from Avent’s lawsuit.
¶ 32. It is noteworthy that as in Barry, the parties engaged in significant discovery in the years immediately following the filing of the complaint, but then there was a cessation of action on the part of the plaintiff. Also, as did the defendant in Barry, Entergy filed a motion to dismiss but did not bring it on for a hearing. In Barry, the order of dismissal was entered approximately twenty-two months after it was filed. Here, almost four years passed prior to the order of dismissal being entered. Moreover, the record reveals that Entergy did not even notice its motion to dismiss for a hearing until February 18, 2010, more than three years and ten months after it was filed. Further, as did the plaintiff in Barry, Avent continued to prosecute his case while the motion to dismiss was pending. In Barry, eleven months after the motion to dismiss was filed, the plaintiff filed a motion for a status conference. Here, Avent filed a motion for a pretrial conference four months after Entergy filed its motion to dismiss.
¶ 33. Given the “severity and finality” of dismissing a case for want of prosecu *1209 tion, it is my view that the circuit court erred in dismissing this case. There is nothing to show that any delay on Avent’s part was intentional or contumacious, nor is there anything in the record to show that any lesser sanctions were considered. While Entergy states in its motion to dismiss that it has been prejudiced by the inability to locate certain witnesses who have discoverable knowledge, it fails to state how that is the case. Not all information that is discoverable under our rules of civil procedure is necessarily relevant and admissible at trial. Entergy’s statement — that it will be prejudiced if the case goes forward — is at best self-serving. While Entergy presented the affidavits of two paralegals attesting to their inability to locate some witnesses with discoverable knowledge of the incident, it did not set forth what they would have been expected to testify to if called as witnesses. Moreover, the identities of these witnesses had been given to Entergy years prior to the filing of the motion to dismiss.
¶ 34. For the reasons presented, I dissent.
RUSSELL, J., JOINS THIS OPINION.