785 So.2d 1107 (2001)
Charles BARRY, Appellant
v.
Anson L. THAGGARD, M.D. and Methodist Medical Center, Inc., Appellees.
No. 2000-CA-00836-COA.
Court of Appeals of Mississippi.
May 29, 2001.
*1108 James H. Arnold Jr., Durant, for Appellant.
Heber S. Simmons III, C. York Craig III, Jackson, for Appellees.
Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Circuit Court of Attala County, Honorable Joseph H. Loper Jr. presiding. In this case, Charles Barry sued Anson L. Thaggard, M.D. and Methodist Medical Center for medical malpractice. The defendants filed a motion for summary judgment which was granted by the trial court. Barry comes now to this Court bringing one issue:

WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT INASMUCH AS THERE WAS A FACTUAL DISPUTE AS TO WHETHER THE STATUTE OF LIMITATIONS HAD RUN?
Finding no error, we affirm.

STATEMENT OF THE FACTS
¶ 2. On June 21, 1996, Charles Barry was bitten by a snake while participating in a chicken roundup in Edinburg, Mississippi. At the time of the injury Barry was employed by Choctaw Maid Farms in Carthage, *1109 Mississippi, and was asked to help with the roundup along with several other employees. Barry felt a "sting" and later found his leg was swelling. Several days later, Barry went to the Montfort Jones Hospital in Kosciusko because the pain and swelling in his leg had not subsided. Barry was told he had been bitten by a snake and was released into the care of Dr. Thaggard, who was employed by Methodist Medical Center, Inc. Thaggard released Barry to return to work after one week.
¶ 3. Several weeks later, Barry went to the emergency room of Durant Hospital because his condition had not improved. On August 17, 1996, Barry was sent to the University Hospital in Jackson for surgery. While there, Barry was placed under the care of Dr. Calvin Ramsey. On August 19, 1996, Dr. Ramsey told Barry that "[a]nd saidand he told me if it had been taken care ofmy leg had been taken care of the way it was supposed to, been put in the hospital the way, you knowand had the right treatment, my leg wouldn't be in the shape it is now."
¶ 4. Barry talked to several lawyers during the summer of 1996 in order to pursue a workers' compensation claim against his employer. In his deposition, Barry states he also talked to these lawyers about the possibility of having a claim against Dr. Thaggard and Methodist Medical Center, Inc. Barry pursued a workers' compensation claim and was successful in receiving workers' compensation benefits. On December 21, 1998, Barry's attorney obtained a letter from Dr. Ramsey basically stating Dr. Ramsey believed Dr. Thaggard had been negligent in his treatment of Barry's wound. Barry filed a claim for medical malpractice on April 22, 1999. The attorneys for Dr. Thaggard and Methodist Medical Center, Inc. moved for summary judgment on the basis the statute of limitations on Barry's claim against the defendants had run. The trial court granted this motion and dismissed the case.

DISCUSSION OF THE LAW

STANDARD OF PROOF
¶ 5. In cases of summary judgment, this Court conducts a de novo review of the trial court's grant of summary judgment. Parham v. Moore, 552 So.2d 121, 122 (Miss.1989). A grant of summary judgment is allowed only where the moving party has demonstrated there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Simmons v. Thompson Mach. of Miss., Inc., 631 So.2d 798, 801 (Miss.1994). A fact which resolves any of the issues raised by the parties is a material fact. Strantz v. Pinion, 652 So.2d 738, 741 (Miss.1995). A trial court should deny summary judgment if a full presentation of evidence would raise a triable issue. Id. at 741.

ANALYSIS

WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT INASMUCH AS THERE WAS A FACTUAL DISPUTE AS TO WHETHER THE STATUTE OF LIMITATIONS HAD RUN?
¶ 6. Barry raises this issue based on the belief that the statute of limitations for his claim of medical malpractice has not run, therefore making the trial court's grant of summary judgment improper. Barry argues he was not truly made aware he had an actionable malpractice claim until December 21, 1998, when his attorney received a letter from Dr. Ramsey regarding Barry's injury. The letter stated Dr. Ramsey believed Barry's injuries could have been ameliorated had Dr. Thaggard *1110 treated his wound more aggressively. The letter also stated Dr. Ramsey believed Barry's injuries were exacerbated by Dr. Thaggard releasing Barry to work after only a week. The defendants claim Barry was made aware of his claim on August 19, 1996, when Barry went to Dr. Ramsey for the first time. At this meeting, Barry was told by Dr. Ramsey that he thought Dr. Thaggard did not properly care for Barry's leg. This Court finds this to be the better view.
¶ 7. The statute of limitations on medical malpractice actions is laid out in section 15-1-36 of the Mississippi Code and states:
For any claim accruing on or before June 30, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.
Miss.Code Ann. § 15-1-36(1) (Rev.2000). A cause of action is deemed to have accrued when the injured party could reasonably be held to know of the injury itself, the injury's cause, and the medical practitioner's conduct. Fortenberry v. Memorial Hosp. at Gulfport, Inc., 676 So.2d 252, 255 (Miss.1996).
¶ 8. In the appellant's brief and reply brief, Barry argues that when he met with Dr. Ramsey on August 19, 1996, there was no way either Dr. Ramsey or Barry could have known Barry's injuries were permanent in nature. Barry claims this lack of knowledge of the permanency of the injury prevented the statute of limitations from running. Barry makes this argument to cause the running of the statute of limitations to become a factual dispute, thereby making summary judgment improper. This argument is not persuasive.
¶ 9. Barry argues that a failure to understand the degree of permanency of the injury causes the statute of limitations to toll. However, this Court finds permanency of the injury has no effect on the running of the statute of limitations. In Barry's reply brief, Barry cites to the cases of Parham v. Moore, 552 So.2d 121 (Miss.1989), and Pittman v. Hodges, 462 So.2d 330 (Miss.1984), which hold "[i]n summary, the essence of the injury to [the plaintiff] was the permanent nature of the numbness which could not reasonably be discovered until the period of temporary numbness described by the [the defendant] has passed." Parham, 552 So.2d at 124 (quoting Pittman, 462 So.2d at 333).
¶ 10. These cases are factually distinguishable from the case at hand. In both Parham and Pittman a time period was given by the doctors in which the patients should expect their injuries to have healed. Parham, 552 So.2d at 124; Pittman, 462 So.2d at 333. The Mississippi Supreme Court ruled the patients' causes of action in these cases did not accrue until this time period ended. Parham, 552 So.2d at 124; Pittman, 462 So.2d at 333. These facts are very different from this case. Barry was never given a time period in which to expect his injuries to heal. Barry knew he had a cause of action on August 19, 1996, because Dr. Ramsey told Barry that Dr. Thaggard did not properly care for Barry's leg. There was no time period recited to Barry in which Barry could expect his leg to heal. Thus, Barry's references to these cases are inapplicable to the case at hand.
*1111 ¶ 11. Barry admits in his deposition that during the August 16, 1996 meeting, Dr. Ramsey told Barry that Dr. Thaggard had not cared for the snakebite correctly. This is undisputed. Barry claims a lay person would not have understood the treatment he received was negligent. In Barry's own deposition he states "[a]nd saidand he told me if it had been taken care ofmy leg had been taken care of the way it was supposed to, been put in the hospital the way, you knowand had the right treatment, my leg wouldn't be in the shape it is now." This statement was made in regards to the meeting Barry had with Dr. Ramsey on August 19, 1996.
¶ 12. In cases of summary judgment, this Court is to view the evidence in the light most favorable to the non-moving party. Parham, 552 So.2d at 123. However, viewing the evidence in the light most favorable to Barry does little to help his case. The quote from Barry's deposition referred to above makes it clear the injury Barry suffered was apparent to him, the cause of the injury was apparent to him, and the fact Dr. Thaggard had not acted as he should to adequately care for Barry's injury was apparent to him. All of this was clear to Barry on August 19, 1996. It was enough Barry understood Dr. Thaggard had done something wrong which caused Barry's condition to worsen. Thus, Barry's cause of action meets the requirements set out in Fortenberry, and therefore accrued on August 19, 1996. Fortenberry, 676 So.2d at 255. The running of a statute of limitations is a question of law, and therefore the only issue in this case was a matter of law, not a question of fact. Sykes v. State, 757 So.2d 997(¶ 4) (Miss. 2000). Since there was no question of material fact in this case, the trial court was correct in granting summary judgment to the defendants. We affirm the trial court's grant of summary judgment.

CONCLUSION
¶ 13. This Court finds the trial court was correct in granting summary judgment to Dr. Thaggard and Methodist Medical Center, Inc. Barry's cause of action accrued on August 19, 1996, and therefore Barry should have filed his complaint within the two year statute of limitations. Barry's argument regarding permanency of the injury tolling the statute of limitations is inapplicable to this case. As there was no question of material fact in this case, the defendants were entitled to summary judgment as a matter of law, and for this reason we affirm the holding of the trial court.
¶ 14. THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING ALL ALLEGATIONS IN APPELLANT'S COMPLAINT WITH PREJUDICE IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.
PAYNE, J., concurs with separate written opinion.
PAYNE, J., specially concurring:
¶ 15. I agree with the majority that the statute of limitations had run in this matter. However, I point out the troubling result that an obvious negligent act has gone uncompensated. I find this to be unfortunately distressing for the victim in this situation, whom the justice system seems to have failed.