# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01124-SCT

*CHARLES BARRY*

*v.*

*JOHN R. REEVES*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/13/2009 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | FIRST JUDICIAL DISTRICT OF HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOEL W. HOWELL, III |
| ATTORNEY FOR APPELLEE: | JOHN DOYLE MOORE |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 09/30/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Charles Barry filed this legal malpractice action against his former attorney, John R. Reeves.  After the case had been pending for nearly seven and one-half years, the trial court granted Reeves's motion to dismiss the case for failure to prosecute, and Barry appeals that ruling.

## FACTS AND PROCEDURAL HISTORY

¶2.     In the underlying medical malpractice case upon which this legal malpractice suit is based, John R. Reeves represented Charles Barry and filed a complaint on his behalf against

Dr. Anson L. Thaggard and Methodist Medical Center, alleging negligent medical treatment related to a snakebite wound Barry had suffered on June 21, 1996. ***Barry v. Thaggard***, 785 So. 2d 1107, 1108 (Miss. Ct. App. 2001). Summary judgment was granted in favor of the defendants on the theory that the applicable statute of limitations had run, and Barry appealed to this Court, which assigned the case to the Court of Appeals. ***Id.*** at 1109. The Court of Appeals affirmed the trial court's granting of summary judgment in favor of the defendants. ***Id.*** at 1111. Its opinion was handed down on May 21, 2001. ***Id.*** at 1107. Barry filed no application for certiorari following the Court of Appeals' decision.

¶3. After losing his appeal, Barry filed this legal malpractice action against Reeves on August 17, 2001, alleging breach of contract, breach of a fiduciary duty, and negligence, and both parties engaged in discovery until at least April 30, 2002. Nine months later, Reeves's insurer, American National Lawyers Insurance Reciprocal (hereinafter "ANLIR"), went into receivership, and the Chancery Court of Tennessee, Twentieth Judicial District, Davidson County, entered an order enjoining litigation against ANLIR. This order was given full faith and credit and comity by the Chancery Court of the First Judicial District of Hinds County, Mississippi, by order dated February 20, 2003, and on March 14, 2003, Reeves filed a motion to stay this proceeding for the duration of his insurer's receivership. The trial court granted Reeves's motion on June 10, 2003.

¶4. On August 31, 2004, Barry filed two motions, one asking the trial court to lift the stay, and the other seeking leave to amend his complaint. The motion to lift the stay was argued on November 30, 2004, and the trial court granted that motion, restoring the case to the active

2

docket on December 1, 2004. That same day, Barry's motion for leave to amend his complaint was denied.

¶5. On September 30, 2005, Barry filed a motion to reopen discovery and set the case for trial, and that motion was heard in November 2005. After the trial court had not ruled on the motion for more than a year, Barry sent a letter to the trial court on April 5, 2007, copying opposing counsel and requesting a status conference. In response, Reeves filed a motion to dismiss for failure to prosecute, alleging that Barry had done nothing more than sit on the case for six years and file two frivolous motions.

¶6. On March 11, 2008, Barry filed a motion for a status conference, noting that he had "had motions to reopen discovery and to set this case for trial [pending] for more than one year, and a ruling [was] sought thereon." After the trial court had not ruled on that motion for nearly a year, Barry sent a letter to the Administrative Office of the Courts, seeking relief pursuant to Mississippi Rule of Appellate Procedure 15(a), and this Court ultimately entered an order on February 4, 2009, granting Barry's writ of mandamus and ordering the trial court "to rule on the plaintiff's Motion for Trial Setting and Related Relief and the Motion for Status Conference . . . within fourteen (14) days of the date of [the] order." Instead of ruling on that motion, the trial court granted Reeves's motion to dismiss for failure to prosecute, which had been filed nearly two years earlier. Barry appeals that ruling.

## ISSUES

¶7. The issues presented for this Court's consideration are (1) whether the trial court erred in dismissing the case for failure to prosecute, and (2) whether the trial court erred in denying Barry's motion for leave to amend his complaint.

**ANALYSIS**

*1) Whether the trial court erred in dismissing the case for failure to prosecute.*

¶8. The courts of this state have the inherent power to dismiss a case for want of prosecution, and a trial court may dismiss a case on that basis for the sake of expediting justice and controlling its own docket. *Hill v. Ramsay,* 30 So. 3d 120, 122 (Miss. 2009) (quoting *Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 240 (Miss. 2006)). However, given the severity and finality of this sanction, which strips a litigant of his opportunity to pursue his cause of action, dismissal for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(b) is "reserved for the most egregious cases." *Hillman v. Weatherly*, 14 So. 3d 721, 726 (Miss. 2009) (quoting *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990)).[1] A ruling dismissing the case with prejudice on this basis "will be affirmed only if there is a showing of a clear record of delay or contumacious conduct by the plaintiff, *and* where lesser sanctions would not serve the best interest of justice." *Id.* (citing *Am. Tel. & Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178, 181 (Miss. 1998) (citing *Rogers v. Kroger Co.*, 669 F. 2d 317 (5th Cir. 1982))) (emphasis added). "[C]ases 'in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of

---

[1]Mississippi Rule of Civil Procedure 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." M.R.C.P. 41(b).

4

cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Am. Tel. & Tel. Co.*, 720 So. 2d at 181 (quoting *Rogers*, 669 F. 2d at 320).

¶9. When examining a trial court's dismissal of a case for want of prosecution, this Court will affirm the trial court's findings of fact, unless the findings are manifestly wrong. *Watson v. Lillard*, 493 So. 2d 1277, 1279 (Miss. 1986). "This Court will not disturb a trial court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion." *Hill*, 30 So. 3d at 122 (citing *McDaniel*, 938 So. 2d at 240 (citations omitted)).

¶10. Here, the trial court's order dismissing the case for failure to prosecute emphasizes the dates on which certain events occurred, including: June 21, 1996, when the underlying negligence is said to have occurred; August 17, 2001, when the complaint was filed against Reeves; June 10, 2003, when the matter was stayed due to ANLIR's receivership proceedings; December 1, 2004, when the stay was lifted; and April 10, 2007, when the motion to dismiss the case for failure to prosecute was filed. After listing those findings of fact, the trial court noted:

> The plaintiff had every opportunity to conduct and complete discovery from August 16, 2001[2], the date the complaint was filed, through June 10, 2003, the date this matter was Stayed. A review of the file reveals that plaintiff did not take advantage of that opportunity. . . . [S]ince the Stay was lifted on December 1, 2004 up to the filing of the herein motion to dismiss on April 10, 2007, this matter was not prosecuted. It has been over twelve years since the incident herein occurred. The facts and circumstances surrounding the prosecution of this matter require that the herein matter be dismissed.

---

[2] The certificate of service accompanying the complaint was signed August 16, 2001. However, the complaint was not stamped filed until August 17, 2001.

¶11. These findings of fact are not supported by the record and are manifestly wrong. The trial court found that Barry had not conducted discovery after he filed the complaint on August 17, 2001, yet the record reveals that both parties actively participated in the discovery process by requesting, producing, and supplementing discovery until at least April 30, 2002. As for the trial court's finding that Barry failed to prosecute the case after the stay had been lifted on December 1, 2004, the trial court neglected to acknowledge that the stay was lifted in response to Barry's filing the motion to lift the stay. In addition, the trial court did not note that Barry had filed a motion for trial setting and for additional relief on September 30, 2005, a motion on which a hearing was held in November 2005. The record also included three letters sent in 2005 and 2006 in which Barry sought the aid of counsel opposite in selecting a date upon which the case could be tried. Unsuccessful in that effort, Barry sent a letter to the trial court on April 5, 2007, requesting a status conference on the case.

¶12. It was not until after these efforts by Barry that Reeves filed his motion to dismiss for failure to prosecute. Thus, the trial court's failure to include these actions by Barry in its findings of fact was a very relevant omission amounting to manifest error.

¶13. Notwithstanding these erroneous findings of fact, it must be noted that there was some delay in the prosecution of this case. Specifically, after the parties had engaged in discovery, which the record indicates was last supplemented by Barry on April 30, 2002, a period of nine months of inactivity preceded the Tennessee court's order requiring a stay of all litigation which exposed ANLIR to financial harm. Another ten-month period of inactivity occurred between December 1, 2004, when the trial court granted Barry's motion to lift the stay and denied Barry's motion to amend his complaint, and September 30, 2005, when

6

Barry filed the motion to set the case for trial. After Barry filed the motion to schedule a trial, the record reflects that he made several attempts to obtain a trial date through correspondence with opposing counsel, but nothing in the record suggests that counsel for Reeves responded to those efforts. After Barry sent his last letter to Reeves's lawyer on April 27, 2006, nothing occurred until April 5, 2007, when Barry sent a letter to the trial court requesting a status conference. Another period of inactivity occurred between that letter and Barry's filing a motion, on March 11, 2008, for a status conference.

¶14. However, the mere fact that delay occurs in the prosecution of a case is not sufficient to warrant dismissal for want of prosecution. It must be clear from the record that the delay was the result of the *plaintiff's* failure to prosecute the claim, rather than extrinsic factors beyond the control of the plaintiff. *See* M.R.C.P. 41(b).

¶15. In the case at hand, it is far from clear that the delay in the prosecution of this case is attributable to Barry. Indeed, each period of inactivity was interrupted by a positive action by Barry to expedite the litigation. Specifically, after the receivership had ended, Barry filed the motion to lift the stay. After the next ten-month period of inactivity, Barry filed a motion to set trial, which has not been ruled on by the trial court. The next one-year period of inactivity came to an end when Barry sent a letter to the trial court, requesting a status conference and a trial date, and another period ended by Barry's filing his motion for a status conference and a trial date. Finally, the last period of inactivity was terminated when Barry sent a letter to the Administrative Office of the Courts pursuant to Rule 15(a) of the Mississippi Rules of Appellate Procedure.

¶16. What is clear from the record is that significant, protracted delays in the prosecution of this case were beyond Barry's control, including the near twenty-month delay attributable to ANLIR's receivership, the seventeen-month delay caused by defense counsel's failure to respond to Barry's letters, and the trial court's failure to rule on Barry's motion for a status conference. Accordingly, it cannot be said that there is a clear record establishing that Barry delayed the case's prosecution.

¶17. Moreover, "[t]his Court has held that a case should be dismissed with prejudice under Rule 41(b) only if lesser sanctions are inadequate." *Hillman*, 14 So. 3d at 727 (citing *Wilson*, 4 So. 3d at 343). "Lesser sanctions include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Id.* (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 633 (quoting *Wallace*, 572 So. 2d at 377)). This Court is not likely to affirm the dismissal for failure to prosecute, unless it is clear that the trial court has considered lesser sanctions and has concluded that "such sanctions would have been futile in expediting the proceedings." *Am. Tel. & Tel. Co.*, 720 So. 2d at 181 (citing *Wallace*, 572 So. 2d at 377; *McCloud River R.R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879, 883 (5th Cir. 1984) (trial court's order vacated for failure to consider lesser sanctions)).

¶18. In this case, prior to dismissing the case for failure to prosecute, the trial court had not imposed any lesser sanctions, nor had it threatened counsel for Barry with lesser sanctions, and nothing in the record suggests that the trial court considered lesser sanctions prior to dismissing the case. Thus, because there is no clear record of delay or contumacious conduct on the part of Barry, and the trial court did not consider lesser sanctions prior to its dismissal

8

of the case for failure to prosecute, the trial court abused its discretion in dismissing this case.

*2) Whether the trial court erred in denying Barry's motion for leave to amend his complaint.*

¶19.    Mississippi Rule of Civil Procedure 15(a) allows a party to amend his or her complaint with leave of court, and notes that "leave shall be freely given when justice so requires." M.R.C.P. 15(a).

> [I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

***Webb v. Braswell***, 930 So. 2d 387, 393 (Miss. 2006) (quoting ***Moeller v. Am. Guar. and Liab. Ins. Co.***, 812 So. 2d 953, 962 (Miss. 2002) (citations omitted)).  Also, "[t]his Court does not view lack of diligence as a compelling reason to amend." ***Id***. at 395. "Applications to amend the pleadings should be prompt and not the result of lack of diligence." ***Id***. (citing ***Harris v. Miss. Valley State Univ***., 873 So. 2d 970, 991 (Miss. 2004)).  If a party has "had ample opportunity and time to amend its complaint, and has offered no justification for why it did not do so," this Court generally will affirm the trial court's disallowance of an amendment. ***Id.***; *see also* ***Hartford Cas. Ins. Co. v. Halliburton Co.***, 826 So. 2d 1206, 1219 (Miss. 2001)).  "Motions for leave to amend complaint are left to the sound discretion of the trial court." ***Church v. Massey***, 697 So. 2d 407, 413 (Miss. 1997) (quoting ***McCarty v. Kellum***, 667 So. 2d 1277, 1283 (Miss. 1995) (quoting ***Frank v. Dore***, 635 So. 2d 1369, 1375

9

(Miss. 1994))). "This Court reviews such determinations under an abuse of discretion standard and unless convinced that the trial judge abused his discretion, we are without authority to reverse." *Id.*

¶20. Here, Barry filed his initial complaint on August 17, 2001, and sought leave to file an amended complaint three years later, on August 31, 2004. The only variance between the two complaints was the addition of a demand for punitive damages in the proposed amended complaint. Barry's argument rests simply on the fact that the rule says "leave shall be freely given when justice so requires." M.R.C.P. 15(a). Barry has offered no reason for his failure to plead punitive damages in his initial complaint and for waiting three years to amend his complaint to include the demand for punitive damages. Thus, Barry effectively has conceded his lack of diligence in failing to plead punitive damages in the initial complaint. Accordingly, the trial judge did not abuse his discretion in denying Barry the right to amend his complaint.

## CONCLUSION

¶21. Because there is not a clear record of delay or contumacious conduct on the part of Barry, and the trial court did not consider lesser sanctions prior to dismissing the case for failure to prosecute, the trial court abused its discretion in dismissing the case; therefore, the ruling dismissing the case for failure to prosecute is reversed, and the matter is remanded for a trial on the merits. But, because Barry failed to establish that his failure to plead punitive damages in the initial complaint was not the result of lack of diligence, the trial court's denial of leave to amend the complaint is affirmed.

¶22. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

10

**CARLSON, P.J, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON AND CHANDLER, JJ. WALLER, C.J, AND PIERCE, J., NOT PARTICIPATING.**

**GRAVES, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶23.     I disagree with the majority's holding that the trial judge abused his discretion by granting the Motion to Dismiss for Failure to Prosecute. However, I do agree with the majority that the trial judge did not abuse his discretion in denying the plaintiff's motion to amend his complaint. Therefore, I respectfully dissent in part and concur in part.

¶24.     In reviewing a trial judge's ruling on a dismissal for want of prosecution, this Court will not overturn that ruling unless it finds that the trial court abused its discretion. ***Hill v. Ramsey***, 3 So. 3d 120, 122 (Miss. 2009) (quoting ***Cucos, Inc. v. McDaniel***, 938 So. 2d 238,240 (Miss. 2006)). In addition, this Court will affirm the trial judge's finding of fact unless the findings are manifestly wrong. ***Watson v. Lillard***, 493 So. 2d 1277, 1279 (Miss. 1986).

¶25.     The facts of this case reveal that the plaintiff, Charles Barry, failed to aggressively pursue his action against the defendant, John R. Reeves. On August 17, 2001, Barry filed his complaint against Reeves for legal malpractice. Reeves then promptly filed his Answers and Defenses on October 1, 2001. However, Barry failed to adequately answer Reeves' First Set of Interrogatories, which prompted Reeves to file his Motion to Compel Discovery on March 4, 2002.[3] Nothing further appears in the record until March 14, 2003, when Reeves filed his

---

[3]On January 30, 2002, in response to counsel opposite, counsel for Barry stated that he would determine if supplementation was appropriate. At the time Reeves filed his Motion

Motion for Emergency Stay of Proceedings based on his insurance carrier's receivership status.

¶26.    In addition, once the Stay was lifted on December 1, 2004, Barry took no action for nearly ten months before filing his Motion for Trial Setting and Related Relief on September 30, 2005. A hearing was held on this motion in November 2005, and the trial judge took the matter under advisement. With the exception of three letters in which Barry sought the aid of counsel opposite in selecting a trial date, Barry failed to take action for almost two years until filing his Motion for Status Conference on March 11, 2008. Here, Barry apparently attempted to comply with Mississippi Rule of Appellate Procedure 15(a) by mailing a letter, dated April 24, 2008, to the trial judge with a copy of a proposed order, requesting the trial judge to rule on all pending motions. However, Reeves previously had filed his Motion to Dismiss for Failure to Prosecute on April 10, 2007. Barry failed to respond to Reeves' motion for almost a year.[4]

¶27.    On February 13, 2009, the trial judge entered an order dismissing Barry's claim with prejudice, finding that "[Barry] had every opportunity to conduct and complete discovery from August 1[7], 2001, the date the complaint was filed, through June 10, 2003, the date this matter was Stayed. A review of the file reveals that [Barry] did not take advantage of that opportunity." The trial judge also found that from the time the Stay was lifted on December

---

to Compel Discovery, Barry still had not complied with the request to supplement discovery.

[4]Barry filed his response to Motion to Dismiss for Lack of Prosecution on April 7, 2008.

1, 2004, through April 10, 2007, the date Reeves filed his Motion to Dismiss, Barry did not prosecute the matter.

¶28.    It is clear from the record that there was no abuse of discretion in this case. It is neither the defendant's nor the trial judge's nor the court's duty to ensure that the plaintiff prosecutes his claim. It is the plaintiff's. Here, Barry's failure, not once, but twice, to take affirmative steps in pursuing his cause of action against Reeves substantially delayed the proceedings. Because these periods of inactivity were the product of Barry's dilatory conduct, the trial judge did not abuse his discretion in dismissing Barry's action for lack of prosecution.

¶29.    Pursuant to the Mississippi Uniform Circuit and County Court Rules "[a]ll discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension." URCCC 4.04. This ninety-day period ended at the end of December 2002. Although the parties continued correspondence concerning discovery for another year, nothing prevented Barry from taking some action in moving the case forward. Yet, he failed to do so.

¶30.    Furthermore, although Barry attempted to consult with counsel opposite regarding a trial setting, Barry failed to seek a ruling on the matter from the trial court. According to the record, Barry had seventeen months[5] in which to get a trial date set with the court. Yet, he

---

[5]This time period is from November 2005, when Barry's Motion for Trial Setting and Related Relief was heard, through April 10, 2007, the date on which Reeves' Motion to Dismiss for Lack of Prosecution was filed.

13

failed to do so and as a result, the trial court, on motion of the defendant, appropriately exercised its discretion in dismissing the action.

¶31. Accordingly, I must dissent in part and would affirm the trial judge's ruling in granting the defendant's Motion to Dismiss for Failure to Prosecute; and concur in part, affirming the trial judge's ruling in denying the plaintiff's Motion for Leave to File Amended Complaint.

**DICKINSON AND CHANDLER, JJ., JOIN THIS OPINION.**