KITCHENS, Justice,
for the Court:
¶ 1. Charles Barry filed this legal malpractice action against his former attorney, John R. Reeves. After the case had been pending for nearly seven and one-half years, the trial court granted Reeves’s motion to dismiss the case for failure to prosecute, and Barry appeals that ruling.

FACTS AND PROCEDURAL HISTORY

¶ 2. In the underlying medical malpractice case upon which this legal malpractice suit is based, John R. Reeves represented Charles Barry and filed a complaint on his behalf against Dr. Anson L. Thaggard and Methodist Medical Center, alleging negligent medical treatment related to a snakebite wound Barry had suffered on June 21, 1996. Barry v. Thaggard, 785 So.2d 1107, 1108 (Miss.Ct.App.2001). Summary judgment was granted in favor of the defendants on the theory that the applicable statute of limitations had run, and Barry appealed to this Court, which assigned the case to the Court of Appeals. Id. at 1109. The Court of Appeals affirmed the trial court’s granting of summary judgment in favor of the defendants. Id. at 1111. Its opinion was handed down on May 21, 2001. Id. at 1107. Barry filed no application for certiorari following the Court of Appeals’ decision.
¶ 3. After losing his appeal, Barry filed this legal malpractice action against Reeves on August 17, 2001, alleging breach of contract, breach of a fiduciary duty, and negligence, and both parties engaged in discovery until at least April 30, 2002. Nine months later, Reeves’s insurer, American National Lawyers Insurance Reciprocal (hereinafter “ANLIR”), went into receivership, and the Chancery Court of Tennessee, Twentieth Judicial District, Davidson County, entered an order enjoining litigation against ANLIR. This order was given full faith and credit and comity by the Chancery Court of the First Judicial District of Hinds County, Mississippi, by order dated February 20, 2003, and on March 14, 2003, Reeves filed a motion to stay this proceeding for the duration of his insurer’s receivership. The trial court granted Reeves’s motion on June 10, 2003.
¶ 4. On August 31, 2004, Barry filed two motions, one asking the trial court to lift *692 the stay, and the other seeking leave to amend his complaint. The motion to lift the stay was argued on November 30, 2004, and the trial court granted that motion, restoring the case to the active docket on December 1, 2004. That same day, Barry’s motion for leave to amend his complaint was denied.
¶ 5. On September 30, 2005, Barry filed a motion to reopen discovery and set the case for trial, and that motion was heard in November 2005. After the trial court had not ruled on the motion for more than a year, Barry sent a letter to the trial court on April 5, 2007, copying opposing counsel and requesting a status conference. In response, Reeves filed a motion to dismiss for failure to prosecute, alleging that Barry had done nothing more than sit on the case for six years and file two frivolous motions.
¶ 6. On March 11, 2008, Barry filed a motion for a status conference, noting that he had “had motions to reopen discovery and to set this case for trial [pending] for more than one year, and a ruling [was] sought thereon.” After the trial court had not ruled on that motion for nearly a year, Barry sent a letter to the Administrative Office of the Courts, seeking relief pursuant to Mississippi Rule of Appellate Procedure 15(a), and this Court ultimately entered an order on February 4, 2009, granting Barry’s writ of mandamus and ordering the trial court “to rule on the plaintiffs Motion for Trial Setting and Related Relief and the Motion for Status Conference ... within fourteen (14) days of the date of [the] order.” Instead of ruling on that motion, the trial court granted Reeves’s motion to dismiss for failure to prosecute, which had been filed nearly two years earlier. Barry appeals that ruling. ;

ISSUES

¶ 7. The issues presented for this Court’s consideration afe (1) whether the trial court erred in dismissing the case for failure to prosecute, anil (2) whether the trial court erred in denying Barry’s motion for leave to amend his complaint.

ANALYSIS

1) Whether the trial court erred in dismissing the case for failure to prosecute.

¶ 8. The courts of this state have the inherent power to dismiss a case for want of prosecution, and a trial court may dismiss a case on that basis for the sake of expediting justice and controlling its own docket. Hill v. Ramsey, 3 So.3d 120, 122 (Miss.2009) (quoting Cucos, Inc. v. McDaniel, 938 So.2d 238, 240 (Miss.2006)). However, given the severity and finality of this sanction, which strips a litigant of his opportunity to pursue his cause of action, dismissal for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(b) is “reserved for the most egregious cases.” Hillman v. Weatherly, 14 So.3d 721, 726 (Miss.2009) (quoting Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990)).[1] A ruling dismissing the case with prejudice on this basis “will be affirmed only if there is a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interest of justice.” Id. (citing Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (Miss.1998) (citing Rogers v. Kroger Co., 669 F.2d 317 (5th Cir.1982))) (emphasis added). “[C]ases ‘in which dis *693 missals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.’ ” Am. Tel. & Tel. Co., 720 So.2d at 181 (quoting Rogers, 669 F.2d at 320).
¶ 9. When examining a trial court’s dismissal of a case for want of prosecution, this Court will affirm the trial court’s findings of fact, unless the findings are manifestly wrong. Watson v. Lillard, 493 So.2d 1277, 1279 (Miss.1986). “This Court will not disturb a trial court’s ruling on a dismissal for want of prosecution unless it finds an abuse of discretion.” Hill, 3 So.3d at 122 (citing McDaniel, 938 So.2d at 240 (citations omitted)).
¶ 10. Here, the trial court’s order dismissing the case for failure to prosecute emphasizes the dates on which certain events occurred, including: June 21, 1996, when the underlying negligence is said to have occurred; August 17, 2001, when the complaint was filed against Reeves; June 10, 2003, when the matter was stayed due to ANLIR’s receivership proceedings; December 1, 2004, when the stay was lifted; and April 10, 2007, when the motion to dismiss the case for failure to prosecute was filed. After listing those findings of fact, the trial court noted:
The plaintiff had every opportunity to conduct and complete discovery from August 16, 2001[2], the date the complaint was filed, through June 10,' 2003, the date this matter was Stayed. A review of the file reveals that plaintiff did not take advantage of that opportunity. ... [Sjince the Stay was lifted on December 1, 2004 up to the filing of the herein motion to dismiss on April 10, 2007, this matter was not prosecuted. It has been over twelve years since the incident herein occurred. The facts and circumstances surrounding the prosecution of this matter require that the herein matter be dismissed.
¶ 11. These findings of fact are not supported by the record and are manifestly wrong. The trial court found that Barry had not conducted discovery after he filed the complaint on August 17, 2001, yet the record reveals that both parties actively participated in the discovery process by requesting, producing, and supplementing discovery until at least April 30, 2002. As for the trial court’s finding that Barry failed to prosecute the case after the stay had been lifted on December 1, 2004, the trial court neglected to acknowledge that the stay was lifted in response to Barry’s filing the motion to lift the stay. In addition, the trial court did not note that Barry had filed a motion for trial setting and for additional relief on September 30, 2005, a motion on which a hearing was held in November 2005. The record also included three letters sent in 2005 and 2006 in which Barry sought the aid of counsel opposite in selecting a date upon which the case could be tried. Unsuccessful in that effort, Barry sent a letter to the trial court on April 5, 2007, requesting a status conference on the case.
¶ 12. It was not until after these efforts by Barry that Reeves filed his motion to dismiss for failure to prosecute. Thus, the trial court’s failure to include these actions by Barry in its findings of fact was a very relevant omission amounting to manifest error.
¶ 13. Notwithstanding these erroneous findings of fact, it must be noted that there *694 was some delay in the prosecution of this case. Specifically, after the parties had engaged in discovery, which the record indicates was last supplemented by Barry on April 30, 2002, a period of nine months of inactivity preceded the Tennessee court’s order requiring a stay of all litigation which exposed ANLIR to financial harm. Another ten-month period of inactivity occurred between December 1, 2004, when the trial court granted Barry’s motion to lift the stay and denied Barry’s motion to amend his complaint, and September 30, 2005, when Barry filed the motion to set the case for trial. After Barry filed the motion to schedule a trial, the record reflects that he made several attempts to obtain a trial date through correspondence with opposing counsel, but nothing in the record suggests that counsel for Reeves responded to those efforts. After Barry sent his last letter to Reeves’s lawyer on April 27, 2006, nothing occurred until April 5, 2007, when Barry sent a letter to the trial court requesting a status conference. Another period of inactivity occurred between that letter and Barry’s filing a motion, on March 11, 2008, for a status conference.
¶ 14. However, the mere fact that delay occurs in the prosecution of a case is not sufficient to warrant dismissal for want of prosecution. It must be clear from the record that the delay was the result of the plaintiffs failure to prosecute the claim, rather than extrinsic factors beyond the control of the plaintiff. See M.R.C.P. 41(b).
¶ 15. In the case at hand, it is far from clear that the delay in the prosecution of this case is attributable to Barry. Indeed, each period of inactivity was interrupted by a positive action by Barry to expedite the litigation. Specifically, after the receivership had ended, Barry filed the motion to lift the stay. After the next ten-month period of inactivity, Barry filed a motion to set trial, which has not been ruled on by the trial court. The next one-year period of inactivity came to an end when Barry sent a letter to the trial court, requesting a status conference and a trial date, and another period ended by Barry’s filing his motion for a status conference and a trial date. Finally, the last period of inactivity was terminated when Barry sent a letter to the Administrative Office of the Courts pursuant to Rule 15(a) of the Mississippi Rules of Appellate Procedure.
¶ 16. What is clear from the record is that significant, protracted delays in the prosecution of this case were beyond Barry’s control, including the near twenty-month delay attributable to ANLIR’s receivership, the seventeen-month delay caused by defense counsel’s failure to respond to Barry’s letters, and the trial court’s failure to rule on Barry’s motion for a status conference. Accordingly, it cannot be said that there is a clear record establishing that Barry delayed the case’s prosecution.
¶ 17. Moreover, “[t]his Court has held that a case should be dismissed with prejudice under Rule 41(b) only if lesser sanctions are inadequate.” Hillman, 14 So.3d at 727 (citing Wilson, 4 So.3d at 343). “Lesser sanctions include ‘fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.’” Id. (quoting Miss. Dep’t of Human Servs. v. Guidry, 830 So.2d 628, 633 (Miss.2002) (quoting Wallace, 572 So.2d at 377)). This Court is not likely to affirm the dismissal for failure to prosecute, unless it is clear that the trial court has considered lesser sanctions and has concluded that “such sanctions would have been futile in expediting the proceedings.” Am. Tel. & Tel. Co., 720 So.2d at 181 (citing Wallace, 572 *695 So.2d at 377; McCloud River R.R. Co. v. Sabine River Forest Prods., Inc., 735 F.2d 879, 883 (5th Cir.1984) (trial court’s order vacated for failure to consider lesser sanctions)).
¶ 18. In this case, prior to dismissing the case for failure to prosecute, the trial court had not imposed any lesser sanctions, nor had it threatened counsel for Barry with lesser sanctions, and nothing in the record suggests that the trial court considered lesser sanctions prior to dismissing the case. Thus, because there is no clear record of delay or contumacious conduct on the part of Barry, and the trial court did not consider lesser sanctions pri- or to its dismissal of the case for failure to prosecute, the trial court abused its discretion in dismissing this case.

2) Whether the trial court erred in denying Barry’s motion for leave to amend his complaint.

¶ 19. Mississippi Rule of Civil Procedure 15(a) allows a party to amend his or her complaint with leave of court, and notes that “leave shall be freely given when justice so requires.” M.R.C.P. 15(a).
[I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be “freely given.”
Webb v. Braswell, 930 So.2d 387, 393 (Miss.2006) (quoting Moeller v. Am. Guar. and Liab. Ins. Co., 812 So.2d 953, 962 (Miss.2002) (citations omitted)). Also, “[t]his Court does not view lack of diligence as a compelling reason to amend.” Id. at 395. “Applications to amend the pleadings should be prompt and not the result of lack of diligence.” Id. (citing Harris v. Miss. Valley State Univ., 873 So.2d 970, 991 (Miss.2004)). If a party has “had ample opportunity and time to amend its complaint, and has offered no justification for why it did not do so,” this Court generally will affirm the trial court’s disallowance of an amendment. Id.; see also (Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1219 (Miss.2001)). “Motions for leave to amend complaint are left to the sound discretion of the trial court.” Church v. Massey, 697 So.2d 407, 413 (Miss.1997) (quoting McCarty v. Kellum, 667 So.2d 1277, 1283 (Miss.1995) (quoting Frank v. Dore, 635 So.2d 1369, 1375 (Miss.1994))). “This Court reviews such determinations under an abuse of discretion standard and unless convinced that the trial judge abused his discretion, we are without authority to reverse.” Id.
¶ 20. Here, Barry filed his initial complaint on August 17, 2001, and sought leave to file an amended complaint three years later, on August 31, 2004. The only variance between the two complaints was the addition of a demand for punitive damages in the proposed amended complaint. Barry’s argument rests simply on the fact that the rule says “leave shall be freely given when justice so requires.” M.R.C.P. 15(a). Barry has offered no reason for his failure to plead punitive damages in his initial complaint and for waiting three years to amend his complaint to include the demand for punitive damages. Thus, Barry effectively has conceded his lack of diligence in failing to plead punitive damages in the initial complaint. Accordingly, the trial judge did not abuse his discretion *696 in denying Barry the right to amend his complaint.

CONCLUSION

¶ 21. Because there is not a clear record of delay or contumacious conduct on the part of Barry, and the trial court did not consider lesser sanctions prior to dismissing the case for failure to prosecute, the trial court abused its discretion in dismissing the case; therefore, the ruling dismissing the case for failure to prosecute is reversed, and the matter is remanded for a trial on the merits. But, because Barry failed to establish that his failure to plead punitive damages in the initial complaint was not the result of lack of diligence, the trial court’s denial of leave to amend the complaint is affirmed.
¶ 22. AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
CARLSON, P.J., RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON AND CHANDLER, JJ. WALLER, C.J, AND PIERCE, J., NOT PARTICIPATING.

. Mississippi Rule of Civil Procedure 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal Of an action or of any claim against him.” M.R.C.P. 41(b).

. The certificate of service accompanying the complaint was signed August 16, 2001. However, the complaint was not stamped filed until August 17, 2001.