# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00018-COA

MITCHELL MADDOX, SR. AND WALTERINE
H. MADDOX

APPELLANTS

v.

MIKE MADDOX, CHRISTOPHER MICHAEL
SULLIVAN, AMANDA SULLIVAN AND
DEANNA MADDOX A/K/A DEANNA CARR
MADDOX

APPELLEES

DATE OF JUDGMENT:              12/04/2019
TRIAL JUDGE:                  HON. DAVID SHOEMAKE
COURT FROM WHICH APPEALED:    SIMPSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANTS:      JOHN R. REEVES
ATTORNEYS FOR APPELLEES:      DAVID RINGER
                             BRENTON MATTHEW CARTER
NATURE OF THE CASE:           CIVIL - REAL PROPERTY
DISPOSITION:                  AFFIRMED - 04/06/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    On November 7, 2019, the Chancery Court of Simpson County denied Mitchell Maddox Sr. and Walterine Maddox's (Maddoxes) ore tenus motion to amend their "complaint to remove cloud upon title, confirm title, and for injunctive relief" prior to the testimony of the first witness on the day of trial. The court's denial of the motion eliminated the remaining contested issue between the parties, and the trial was concluded before the first witness testified. On December 4, 2019, the chancery court entered a final judgment consistent with the uncontested issues in the parties' pleadings. Aggrieved by the final

judgment entered on December 4, 2019, and more specifically the chancery court's denial of their ore tenus motion to amend, the Maddoxes appealed. Finding no error, we affirm the ruling of the chancery court.

## FACTS AND PROCEDURAL HISTORY

¶2. On October 4, 2013, the Maddoxes filed a complaint against Mike Maddox, Deanna Maddox, Christopher Sullivan, and Amanda Sullivan (Sullivans) to remove cloud upon title, confirm title, and for injunctive relief. Within their complaint in paragraph number three, the Maddoxes named and described the "real property at issue." The legal description in paragraph three described property in which the Maddoxes claimed an ownership in land by virtue of a warranty deed previously recorded in the office of the Chancery Clerk of Simpson County (Maddox property). While the Maddoxes asserted a claim of adverse possession in paragraph sixteen of their complaint, they did not reference any real property by name or legal description in that paragraph. Paragraph sixteen stated in part, "[T]he court should declare that the plaintiffs own the **property in question** via adverse possession." (Emphasis added). In addition, the Maddoxes asserted a claim for injunctive relief in their complaint arising out of the Sullivans' alleged trespass onto the Maddox property. Finally, the Maddoxes requested attorney's fees because of the trespass.

¶3. On December 16, 2013, the Sullivans filed their answer to the Maddoxes' complaint, a counterclaim, and a third-party complaint. Within the answer, the Sullivans admitted that the Maddoxes were the owners and possessors of the Maddox property. The Sullivans further admitted that they did not purport to have any claim, interest, title, or any other right

in the Maddox property. Within their counterclaim, the Sullivans sought an adjudication that they were the owners of the property specifically described in their counterclaim (Sullivan property). The Sullivan property included a "sliver" of land that abutted the Maddox property. The Sullivans further requested injunctive relief that would enjoin the Maddoxes from entering the Sullivan property. The Sullivans' counterclaim included legal descriptions and a complete deraignment of title of the Sullivan property. The counterclaim alleged that the Maddoxes were claiming rights to the Sullivan property. In their brief, the Maddoxes confirmed that they erroneously denied any rights to the Sullivan property prior to trial.

¶4.     After the complaint and counterclaim were filed, the parties conducted discovery, which included multiple depositions, and competing surveys were prepared. On July 16, 2018, almost five years after the initial complaint was filed, the parties signed a pretrial order. The pretrial order listed the pleadings to be considered at trial as follows: (1) "complaint to remove cloud upon title, confirm title, and for injunctive relief" filed by the Maddoxes; and (2) "answer and defenses to complaint to remove cloud upon title, confirm title, and for injunctive relief; and counterclaim and third-party complaint" filed by the Sullivans.

¶5.     The pretrial order further listed the issues to be considered by the court, which were consistent with and identical to the contents of the parties' pleadings as already discussed, and included the following specific requests for relief: (1) removal of an alleged cloud upon a purported title, together with confirmation of title, as well as an adverse possession claim with respect to the Maddox property, (2) injunctive relief restraining the Sullivans from

3

trespassing on the Maddoxes' property, (3) attorney's fees and litigation expenses associated with the prosecution of the Maddoxes' complaint, (4) judgment in favor of the Sullivans that they are the owners in fee simple title to the Sullivan property, (5) judgment in favor of the Sullivans that they are the owners of a non-exclusive ingress-egress access easement, the centerline of which was described specifically in their counterclaim, and (6) judgment that would affirmatively enjoin the Maddoxes and their respective successor heirs and assigns from entering upon the Sullivan property. While the Maddoxes' claim for adverse possession was listed in the pretrial order, the property description listed in the complaint was for the Maddox property, and that claim was undisputed by the Sullivans. Finally, the pretrial order stated in part:

11. All pleadings filed in this civil action are amended to conform to this Pretrial Order. This Order will control the course of this trial pursuant to Rule 16 of the Mississippi Rules of Civil Procedure.

12. This Pretrial Order shall not be amended except by written consent of all parties as approved by this Court, or by this Court so as to prevent manifest injustice.

¶6. On November 7, 2019, both parties appeared and were ready for trial. The witnesses were sworn in by the court, and the attorneys pre-marked exhibits, which were subsequently received into evidence. The Maddoxes' first witness took the stand; however, before counsel began his direct examination, the Sullivans' counsel made an announcement to the court that they did not consent to a trial on anything other than the claims asserted in the parties' pleadings pursuant to the pretrial order. The Sullivans' position was that apart from the Maddoxes' claim of trespass and request for attorney's fees, all other claims related to

4

property were uncontested. The Maddoxes responded by stating that they did not plan to pursue the allegations of trespass and attorney's fees; however, they intended to pursue their claim for adverse possession regarding a portion of the Sullivan property described by the attorneys as a "sliver" of land abutting the Maddox property. After lengthy discussion and argument by counsel, it was established that the property description in the Maddoxes' complaint was not for the "sliver" of land that they intended to claim by adverse possession but rather that of the Maddox Property. The Maddoxes' counsel advised the court that the instant discovery of the mistaken property description was the first time they had been made aware of the defect. After discovering the mistake, the Maddoxes made an ore tenus motion to amend their complaint to add the legal description of the "sliver" of land for which they were seeking a judgment of ownership by adverse possession. The Maddoxes requested that pending the amendment of their complaint, the parties be allowed to continue the trial on that day or continue to a later date. After entertaining arguments by both parties concerning the motion to amend, the chancery court stated in part:

> I've heard what you've argued and said and I sympathize with the position of you and your clients. But on this matter I don't believe I can allow an amendment of the pleadings because of what Mr. Ringer has argued and what I've picked up on when I was asking my questions, is that the Complaint was filed in October or November of 2013. The Answer and the Counterclaim was filed in December of 2013. In the Counterclaim that Mr. Ringer's clients specifically made a claim to the land east of the north-south survey line that I described a few minutes ago, which includes the sliver that runs in a north-south direction. That claim was restated in the pretrial order that was done months ago. It was done on July 16th of 2018. And there was discovery. There were surveys done as far back as April 2012. And if there had been a request for an amendment or the need for an amendment, it should have been done then and not after we had already done a pretrial order after this thing had gone on for six years.

It would be – you talk about the equities here. It would be very inequitable on Mr. Ringer's clients for me to allow an amendment that would stop this proceeding after all of the witnesses have gathered and after the lawyers and defendants and the counterclaimants have made preparation to try these issues. . . . The pretrial order restates the legal claims and it says in paragraph 11, "All pleadings filed in this civil action are amended to conform to the pretrial order. This order will control the course of this trial pursuant to Rule 16 of the Mississippi Rules of Civil Procedure."

Number 12, "This pretrial order shall not be amended except by written consent of all parties as approved by this Court, or by order of this Court so as to prevent manifest injustice." I interpret that to mean that before this trial commenced or in a timely manner somebody had filed a motion or made a request to amend the pretrial order, the Court would have or could have amended it according to the Court's discretion to avoid some kind of manifest injustice.

But now, after we start the trial, I believe the manifest injustice would occur on the part of the defendants and counterclaimants. So for those reasons I'm going to have to deny your motion to amend.

¶7. The chancery court ultimately denied the Maddoxes' motion to amend and entered a final judgment on December 4, 2019, which granted each parties' requested relief consistent with their pleadings excluding the claim of trespass and request for attorney's fees for which was no proof was presented at trial. The Maddoxes appealed.

**STANDARD OF REVIEW**

¶8. "This Court gives great deference to a chancellor's findings of fact." *Webb v. Drewrey*, 4 So. 3d 1078, 1081 (¶11) (Miss. Ct. App. 2009).

Motions for leave to amend [a] complaint are left to the sound discretion of the trial court; the Supreme Court reviews such determinations under an abuse of discretion standard; and, unless convinced that [the] trial judge abused his/her discretion, the Supreme Court is without authority to reverse.

*Webb v. Braswell*, 930 So. 2d 387, 392-93 (¶8) (Miss. 2006) (citing *Church v. Massey*, 697

6

So. 2d 407, 413 (Miss. 1997)).

## ANALYSIS

### Whether the chancery court abused its discretion in denying the Maddoxes' motion to amend their complaint.

¶9.     The Maddoxes assert that the chancery court erred in denying their ore tenus motion to amend. They argue that the Sullivans had full knowledge that the adverse possession claim in their complaint referred to the "sliver" of the Sullivan property abutting the Maddox property line. As such, the Maddoxes assert that their adverse possession claim was properly noticed and should be tested on the merits. Finally, the Maddoxes claim that the Sullivans asserted no good reason that the motion to amend should have been denied other than the error in the pleadings. The Maddoxes contend that the Sullivans could not show any prejudice in allowing the amendment and that no good cause was articulated for denying the motion either by the Sullivans or the chancery court. For the above reasons, the Maddoxes argue that their ore tenus motion to amend should have been granted.

¶10.     Rule 15(a) of the Mississippi Rules of Civil Procedure allows a party to amend its pleadings after the filing of an answer **only** "upon leave of court or upon written consent of the adverse party." Further, Rule 15(a) states in part that "leave shall be freely given when justice so requires." In *Braswell*, 930 So. 2d at 393 (¶9), the Mississippi Supreme Court held that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely

7

given."

¶11.    In the case sub judice, it is clear that the Sullivans did not consent to the amendment. Further, the Maddoxes offered only one reason as to why they had not previously sought to amend their complaint. The Maddoxes stated that they were unaware that there was a deficiency in their complaint until the day of trial. Therefore, they argued that they were not guilty of any bad faith or undue delay that would prevent the court from allowing the amendment. However, in its ruling on the record, the chancery court noted several different junctures at which the Maddoxes could have requested leave to amend their complaint to cure the legal-description mistake. More specifically, the chancery court stated that the Maddoxes could have requested leave to amend (1) when the Sullivans filed their answer to the Maddoxes' complaint in 2013 and admitted that they had no claim or right to the Maddox property listed and described in the Maddoxes' complaint, (2) when the Sullivans filed their counterclaim in 2013 and asserted that upon information and belief the Maddoxes were claiming an interest in the Sullivan property, (3) during the discovery process between 2014 and 2016 after depositions were taken and surveys were prepared, or (4) when the parties entered into the pretrial order in 2018, which listed all issues that would be argued at trial and the property descriptions of the disputed lands, which were fully described and incorporated. Additionally, the Maddoxes admitted in their brief that they had previously denied any interest in the Sullivan property prior to trial that included the "sliver" of land that abutted the Maddox property. This case was on the active docket between 2013 and 2019, and at no point during the approximately six years did the Maddoxes seek leave to amend their

8

complaint. The motion to amend occurred on the first day of trial after a pretrial conference, an order had been executed by the parties narrowing the issues, and witnesses on those issues had been sworn.

¶12. In *Harris v. Mississippi Valley State University*, 873 So. 2d 970 (Miss. 2004), the Mississippi Supreme Court stated that "[a]pplications to amend the pleadings should be prompt and not the result of lack of diligence. . . . 'Amendments which are permitted in the latter stages of litigation deny the important policy favoring finality of judgments and the expeditious termination of litigation. Thus, the policy to freely grant amendments is not allowed to encourage delay, laches and negligence.'" *Id*. at 991 (¶64) (quoting *Wal-Mart Super Ctr. v. Long*, 852 So. 2d 568, 571 (¶13) (Miss. 2003)).

¶13. Further, in *Barry v. Reeves*, 47 So. 3d 689 (Miss. 2010), the supreme court held that "this Court does not view lack of diligence as a compelling reason to amend. . . . If a party has 'had ample opportunity and time to amend its complaint, and has offered no justification for why it did not do so,' this Court generally will affirm the trial court's disallowance of an amendment." *Id*. at 695 (¶19) (quoting *Braswell*, 930 So. 2d at 395 (¶11)). The chancery court acknowledged that the Maddoxes had ample opportunity during the litigation process and during trial preparation to discover the defect in their complaint and make the request for leave to amend, but they failed to do so. Instead, the case proceeded for approximately six years before a motion to amend was made. Under the facts of this case, this Court cannot say a denial of a motion to amend was an abuse of discretion by the chancery court. Because we find no abuse of discretion by the chancery court in denying the Maddoxes' request to

9

amend their complaint based on the timing and delay of the request, a further analysis of the Maddoxes' argument on appeal is not necessary.

## CONCLUSION

¶14. After reviewing the facts, the Maddoxes' claim for adverse possession was not properly before the chancery court by virtue of the initial complaint nor by the pretrial order. Because the Maddoxes waited approximately six years to request leave to amend their complaint, we find no abuse of discretion or error in the chancery court's ruling to deny the Maddoxes' ore tenus motion to amend.

¶15. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. CARLTON, P.J., NOT PARTICPATING.**