966 So.2d 216 (2007)
Henry L. MADISON, Appellant
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS, Christopher Epps, Commissioner, Dr. John Bearry, Medical Director, and Dr. Juan Santos, Assistant Director, Appellees.
No. 2006-CP-01639-COA.
Court of Appeals of Mississippi.
October 9, 2007.
Henry L. Madison, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellees.
Before MYERS, P.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Henry L. Madison, a prisoner of the Mississippi Department of Corrections (MDOC), had his suit for negligence dismissed for want of prosecution. He appeals. However, we find no error and affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On April 19, 2004, Madison, an inmate of MDOC being held in Lauderdale County, filed a suit alleging that he suffered injury because he was negligently denied proper medical treatment. He named as defendants various employees of MDOC. Madison filed the complaint pro se. On July 20, 2004, Madison asked that the court appoint him counsel, which the court denied. On September 3, 2004, the MDOC defendants answered the complaint denying all the substantive allegations. Nothing further was filed until April 7, 2005, when Madison filed a document styled "Brief in Support of Motion to Vacate and Set Aside Conviction and Sentence." The pleading set forth arguments typical of a motion for post-conviction relief, such as his guilty plea was not knowingly, *217 voluntarily and intelligently entered and he received ineffective assistance of counsel. The document was filed under the same cause number as his negligence filing. Nothing further happened in the case until more than a year later, when on July 13, 2006, the circuit court clerk sent the parties a clerk's motion to dismiss for want of prosecution pursuant to Rule 41(d) of the Mississippi Rules of Civil Procedure. The notice advised the parties that the case would be dismissed unless there was some action of record or written application to the court evidencing good cause why the case should not be dismissed. No action was taken by Madison, and by order filed August 24, 2006, the case was dismissed without prejudice for want of prosecution. From this dismissal, Madison timely filed his appeal requesting and being given in forma pauperis status.

STANDARD OF REVIEW
¶ 3. In a recent pronouncement regarding the rule, the supreme court held that the standard we should apply when reviewing a Rule 41(d) dismissal should be the same that the court applies with respect to a review of a discovery violation, that is, abuse of discretion. Cucos, Inc. v. McDaniel, 938 So.2d 238, 242 n. 1 (Miss. 2006). The court stated,
[d]iscovery violations and stagnant cases are similar in at least two ways. From statutes related to each, the Court has indicated a policy favoring consideration on the merits as well as a policy protecting a trial court's ability to maintain control over procedural resolution when not dictated by statute or this Court.
Id. (citations omitted); see also Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986) (holding that the ability to dismiss for lack of prosecution is a means to assist in achieving the orderly expedition of justice and for trial courts to control their own dockets).

DISCUSSION
¶ 4. In his appellate brief Madison discusses the merits of his claim of negligence. He makes no explanation regarding why he let his pleading lag on the docket of Lauderdale County without taking action. As our review is limited to whether the trial court abused its discretion when it dismissed his case for want of prosecution, Madison's brief is of no assistance.
¶ 5. Rule 41(d) of the Mississippi Rules of Civil Procedure allows the court clerk to move for dismissal of cases in which there has been no action of record or good cause shown for delay during the proceeding twelve months. The clerk must give notice to the parties who must respond in order to retain the case on the court's docket. If no action is taken by the parties within thirty days, then the court shall dismiss the case without prejudice. M.R.C.P. 41(d).
¶ 6. The case was filed by Madison on April 19, 2004, and was properly answered by the defendants. Madison's next filing on April 7, 2005, was in the nature of a motion for post-conviction relief and unrelated to the claims of negligence in his original pleading. Fifteen months after Madison's last pleading on July 13, 2006, the Circuit Clerk of Lauderdale County followed Rule 41(d) and filed a clerk's motion to dismiss for want of prosecution which was properly served upon the parties. Nothing was filed by Madison within the thirty-day time limit showing good cause why the case should remain on the docket. On August 24, 2006, the trial judge followed Rule 41(d), granted the clerk's motion and dismissed the case for lack of prosecution.
*218 ¶ 7. The trial court clearly did not abuse its discretion in dismissing the case. Both the clerk and the court followed the requirements of Rule 41(d) to the letter. The facts of this case show that the court actually had no discretion. Madison gave no response to the clerk's motion as to why his case should not be dismissed for lack of prosecution; so the circuit court had no choice but to dismiss the action under the mandatory "shall dismiss" language of the rule. Further, Madison has made no argument to this Court as to why the lower court was in error in dismissing his case. He says that he wrote a letter to the circuit clerk in 2005 asking about the status of his case but never received a reply. However, there is no such letter in the court file. We find no abuse of discretion on the part of the trial court, which we find correctly followed the rules of civil procedure and dismissed Madison's cause.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.