IRVING, P.J.,
dissenting:
¶ 39. The majority implicitly asserts that the pivotal question is whether Alfa’s motion for summary judgment — which was filed, in response to the circuit clerk’s motion to dismiss for a failure to prosecute, approximately two and one-half years after this cáse was remanded by this Court to the circuit court — was an action of record. The majority then concludes that the filing *462 of the summary-judgment motion was an action of record, thereby precluding dismissal of Alfa’s lawsuit against Cascio. I agree with the majority that Alfa’s summary-judgment motion is an action of record. However, in my opinion, the proper resolution of this case does not turn on whether Alfa took some action of record. That alone is not enough; Alfa was not only required to either take some action of record or make application in writing to the court, but was also required to show good cause for the excessive and prolonged delay in prosecuting its case. It took action of record, but made no attempt to show good cause for the delay in failing to prosecute its case for approximately two and one-half years. Therefore, I dissent. I should also note that I agree with the separate dissent that the judgment of the circuit court should be reversed, as I, too, would reverse the judgment of the circuit court and reinstate and affirm the judgment of the county court. However, I arrive at that conclusion by a slightly different rationale than does the separate dissent.
¶ 40. Rule 41(d)(1) of the Mississippi Rules of Civil Procedure states in pertinent part:
In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and-good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.
Rule 41(d)(2) provides m pertinent part: “This rule is not a limitation upon any other power that the court may have to dismiss any action upon motion or otherwise.”
¶ 41. With the utmost respect for the majority and the separate dissent, I must say that both have misread Rule 41(d)(1). There are two requirements that a party must meet to prevent his case from being dismissed after he has received a Rule 41(d)(1) notice from the clerk of the court. The party must either file an action of record or make application in writing to the court, and show good cause why his case should be continued as a pending case. The majority and the separate dissent erroneously read Rule 41(d)(1) to say that if an action of record is taken, the case cannot be dismissed. Additionally, it appears to be the majority’s view that good cause is never required to be shown if an action of record is taken, while it appears that the view of the separate dissent is that only when no action of record has been taken is the offending party required to show good cause to preclude dismissal. As stated, I respectfully disagree. It may appear at first blush from a reading of Rule 41(d)(1) — particularly considering its syntax — that the construction given by both the majority and the separate dissent is appropriate. But let us take a closer look.
¶ 42. Under the majority’s construction, a party could delay prosecuting his case for a period of five, ten, or more years and still prevent his case from being dismissed for want of prosecution by simply filing some reactionary action of record, notwithstanding the fact that the case had lain dormant for five, ten, or more years. That is not the law, has never been, and never should be. See Hill v. Ramsey, 3 So.3d 120, 122 (¶ 7) (Miss.2009) (holding that nineteen months, standing alone, is sufficient delay to warrant dismissal). Here, we have a delay of approximately two and *463 one-half years — from September 13, 2005, to March 11, 2008. We issued our mandate in the previous appeal of this case on September 13, 2005, and Alfa, the plaintiff in the case, did not file anything in the case until March 11, 2008. Even with the filing, it cannot be said that Alfa was voluntarily prosecuting its case, as its filing was in reaction to the clerk’s February 13, 2008 Rule 41(d)(1) notice.
¶ 43. As stated, I believe a proper construction of Rule 41(d)(1) permits a case to continue after a Rule 41(d)(1) notice has been given only if the offending party takes some action of record or makes application to the court within thirty days, and shows good cause for the delay. The taking of some action of record or the making of application to the court only prevents the case from being dismissed by default, for if neither action is taken, the rule leaves the court with no discretion. The case shall be dismissed. See Madison v. Miss. Dep’t of Corr., 966 So.2d 216, 218 (¶ 7) (Miss.Ct.App.2007) (holding that the trial court lacked any discretion when the offending party failed to respond to the clerk’s Rule 41(d)(1) notice and that dismissal was required). On the other hand, if some action of record is taken or application is made to the court, the court retains its discretion to either dismiss the case or continue it as a pending case upon a showing of good cause for the delay.
¶44. The last sentence in the quoted portion of Rule 41(d)(1) — “[i]f action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice” — is what causes confusion. The majority assumes that the taking of an action of record compels the opposite result, that is, the case shall not be dismissed. Nothing in'the rule supports this conclusion. As stated, were-this to be the proper interpretation of the rule, a party’s case could never be dismissed for failure to prosecute, except in cases where the party does not respond at all to the clerk’s notice. Further, allowing a dilatory party to keep his case alive by simply filing a reactionary action, as did Alfa here, to a clerk’s notice would have the effect of thwarting a court’s inherent power to manage and control its docket. Also, if a court could not dismiss an action for failure to prosecute if the offending party filed an action of record after receiving a clerk’s Rule 41(d)(1) notice, the provision of Rule 41(d)(2) that says the “rule is not a limitation upon any other power that the court may have to dismiss any action upon motion or ■ otherwise” would be rendered-null and void. The inherent power of a court to control its docket certainly falls within the “other power that the court may have” category.
¶45. In summary, while I agree that Alfa took an action of record within thirty days of the clerk’s notice, it is undisputed that it neither attempted to show nor showed good cause for the two-and-one-half-year delay. The county court determined that Alfa’s case should be dismissed for Alfa’s failure to prosecute. I should also add that prior to -the county court’s dismissal, the defendant, Cascio, had also filed a motion to dismiss in which she asked the county court to dismiss Alfa’s case for failure to prosecute. It cannot be reasonably argued that the facts here do not show a clear record of delay, as nothing was ever done by Alfa to move the case along until after the clerk’s motion to dismiss, which is not enough to prevent dismissal. See Hill, 3 So.3d at 122 (¶ 7) (holding that even if a reactionary filing “could somehow be viewed as sufficient prosecution of [the appellant’s case],” the nineteen month delay, alone, in prosecuting the ease justified dismissal).
¶ 46. Our law is clear that a trial judge’s decision to dismiss a case for lack *464 of prosecution is reviewed under the abuse-of-discretion standard. Id. at (¶ 6). There is no abuse here. Therefore, for the reasons presented, I dissent. I would reverse the judgment of the circuit court and reinstate and affirm the judgment of the county court.
LEE, C.J., AND ROBERTS, J., JOIN THIS OPINION. JAMES, J., JOINS THIS OPINION IN PART.